RINKER v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. February 23, 1907.)

No. 2,323.

1. POST OFFICE—VIOLATION OF POSTAL LAWS—INDICTMENT.

An indictment, under Rev. St. § 3893, as amended by Act Sept. 26, 1888, c. 1039, § 2, 25 Stat. 496 [U. S. Comp. St. 1901, p. 2658], for depositing an obscene, lewd and lascivious letter in the mails, is not bad because it alleges that the offense was committed "on or about" a given date, where it shows that but a short time elapsed between the writing of the letter and the finding of the indictment; the defect being one of form only, by which the defendant was not prejudiced, and to be disregarded under Rev. St. § 1025 [U. S. Comp. St. 1901, p. 720].

[Ed. Note.—Nonmailable obscene matter, see note to Timmons v. United States, 30 C. C. A. 79.]

2. SAME—DESCRIPTION OF OFFENSE.

An indictment, under Rev. St. § 3893, as amended by Act Sept. 26, 1888, c. 1039, § 2, 25 Stat. 496 [U. S. Comp. St. 1901, p. 2658], held to sufficiently charge that defendant deposited an obscene letter in a post office "for mailing or delivery," although not in such language, where the plain and reasonable meaning of the language used is that such was the purpose with which the letter was deposited in the post office.

3. SAME.

In Rev. St. § 3893. as amended by Act Sept. 26, 1888, c. 1039, § 2, 25 Stat. 496 [U. S. Comp. St. 1901. p. 2658], which declares unmailable "every obscene, lewd, or lascivious book, pamphlet * * * or other publication of an indecent character," the words "indecent character" qualify only the words "other publication," and, in an indictment for its violation by mailing of a letter, it is not essential that the letter be described as of an indecent character, in addition to describing it as obscene, lewd, and lascivious.

4. SAME.

An indictment, under Rev. St. § 3893. as amended by Act Sept. 26, 1888, c. 1039, § 2, 25 Stat. 496 [U. S. Comp. St. 1901, p. 2658], for depositing in a post office an obscene, lewd, and lascivious letter, sufficiently describes the letter, where it sets out sufficient thereof to identify it, and alleges that the contents are so obscene, lewd, and lascivious as to be improper to spread on the records of the court, and, if the defendant desires more specific information as to such contents, he may apply for a bill of particulars.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Post Office, § 70.]

5. CRIMINAL LAW—PUNISHMENT—CRUEL AND UNUSUAL PUNISHMENT.

Rev. St. § 3893, as amended by Act Sept. 26, 1888, c. 1039, § 2, 25 Stat. 496 [U. S. Comp. St. 1901. p. 2658], which fixes the punishment for depositing obscene, lewd, or lascivious matter in the mails at a fine of not more than $5,000, or imprisonment at hard labor for not more than five years, or both, is not in violation of the eighth constitutional amendment, as imposing or authorizing an excessive fine or a cruel and unusual punishment.

6. SAME—EVIDENCE—OPINION TESTIMONY AS TO HANDWRITING.

Witnesses who testify that they have seen a defendant write, and believe they know his writing, although having only a limited acquaintance therewith, may properly be permitted to give an opinion as to whether a certain letter was written by him.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, § 1055.]

7. SAME.

It is competent for an expert in handwriting to give an opinion from an inspection of a writing whether it is in a genuine or a disguised handwriting.

8. SAME—APPEAL—REVIEW—DISCRETION OF TRIAL COURT—MAILING OBSCENE LETTER—EVIDENCE.

Whether or not a writing charged to have been deposited in a post office in violation of law is too obscene, lewd, and lascivious to be spread upon the records is a question which it is within the discretion of the court to determine, and its action thereon cannot be assigned as error.

In Error to the District Court of the United States for the District of Kansas.

David Overmyer, for plaintiff in error.

J. S. West, Asst. U. S. Atty. (H. J. Bone, U. S. Atty., on the brief).

Before VAN DEVANTER and ADAMS, Circuit Judges, and PHILIPS, District Judge

VAN DEVANTER, Circuit Judge. The plaintiff in error was tried and convicted in the District Court upon a charge of having deposited in the United States post office at Wakeeney, Kan., a certain obscene, lewd, and lascivious letter, in violation of section 3893 of the Revised Statutes, as amended September 26, 1888 (25 Stat. 496, c. 1039, § 2 [U. S. Comp. St. 1901, p. 2658]), and now seeks a reversal of the judgment because of alleged errors in the proceedings.

The first matter to be considered is the sufficiency of the indictment, which was challenged by a demurrer and by a motion in arrest of judgment, both of which were overruled. The objections now made to the indictment are: (1) It states that the offense was committed "on or about" the 22d day of August, 1904, and thereby makes the time "so uncertain as to cover any possible period." (2) It does not state that the purpose in depositing the letter in the post office was its mailing or delivery, and thus omits an essential element of the offense. (3) It does not state that the letter was of an indecent character, but only that it was obscene, lewd, and lascivious, and thus omits another essential element of the offense. (4) It does not set forth the letter or its substance. (5) Section 3893 is void because violative of the constitutional inhibition against excessive fines and cruel and unusual punishments. These will be considered in their order.

While the rules of criminal pleading require the time of the offense to be stated with precision, this is a matter of form, and not of substance, save in exceptional instances, where the time is made an ingredient of the offense, for, omitting such exceptional instances, it is not essential to prove the time as stated, but only that the offense was committed at some time before the finding of the indictment and within the statute of limitations. 1 Bishop's New Cr. Proc. § 386; Matthews v. United States, 161 U. S. 500, 16 Sup. Ct. 640, 40 L. Ed. 786; Ledbetter v. United States, 170 U. S. 606, 612, 18 Sup. Ct. 774, 42 L. Ed. 1162; Hardy v. United States, 186 U. S. 224, 22 Sup. Ct. 889, 46 L. Ed. 1137; United States v. Jackson (C. C.) 2 Fed. 502; United States v. Potter (C. C.) 56 Fed. 83, 95; United States v. Conrad (C. C.) 59 Fed. 458, 461; Hume v. United States, 55 C. C. A. 407,

414, 118 Fed. 689, 696; United States v. Howard (D. C.) 132 Fed. 325, 335; State v. Sammons, 95 Ind. 22; Kenney v. State, 5 R. I. 385; State v. Findley, 77 Mo. 338; State v. Brooks, 33 Kan. 708, 711, 7 Pac. 591. The time of its commission is not made an ingredient of this offense. The common understanding of the words "on or about," when used in connection with a definite point of time, is that they do not put the time at large, but indicate that it is stated with approximate accuracy. Besides, the indictment was found October 13, 1904, and shows that the letter was written August 19th of that year, so the charge that it was deposited in the post office is necessarily confined to the intervening period of a little less than two months. The uncertainty, therefore, falls far short of being as great as claimed, and we are clearly of opinion that it could not have operated to the prejudice of the defendant. Thus, the first objection is made plainly untenable by the curative provisions of section 1025, Rev. St. [U. S. Comp. St. 1901, p. 720], which declares that:

"No indictment * * * shall be deemed insufficient, nor shall the trial, judgment or other proceedings thereon be affected, by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant."

Does the indictment state that the letter was deposited in the post office for mailing or delivery? We think it does. True, it does not do so in the language of the statute, but that is not essential. As said by Mr. Justice Brewer, in Dunbar v. United States, 156 U. S. 185, 190, 191, 15 Sup. Ct. 325, 39 L. Ed. 390:

"But, although these are purely statutory offenses, it is unnecessary to resort to the very words of the statute. The pleader is at liberty to use any form of expression, provided only that he thereby fully and accurately describes the offense; and the entire indictment is to be considered in determining whether the offense is fully stated. * * * Any words of description which make clear to the common understanding the articles in respect to which the offense is alleged are sufficient."

The indictment, in addition to stating that the defendant "unlawfully and knowingly" deposited the letter in the United States post office, states that the letter was "inclosed in an envelope which * * * was then and there stamped with a two-cent United States postage stamp so as to entitle it to transmission through the mails of the United States," and "was then and there addressed and directed to [the name will be omitted], City," and that "the mailing by him as aforesaid" was contrary to the statute, etc. Thus it is said that the defendant unlawfully and knowingly, which excludes any idea that the act was lawful or unintentional, deposited in the United States post office, the place for mailing letters to be transmitted through the mail, a letter inclosed in an envelope which was so addressed and stamped as to cause it to be transmitted through the mail when so deposited, and this is characterized as "the mailing" of the letter. The plain and reasonable meaning of the charge is that the letter was deposited in the post office for mailing and delivery, and there can be no doubt that the defendant so understood it.

The third objection turns upon the language of the statute, that "every obscene, lewd or lascivious book, pamphlet, picture, paper,

letter, writing, print, or other publication of an indecent character," shall be nonmailable. The words "of an indecent character," qualify only the words "other publication," and, taken with them, include any publication, other than those specifically mentioned, which is similarly indecent; that is, obscene, lewd, or lascivious. We fully concur in the ruling of the Circuit Court of Appeals of the Sixth Circuit in Timmons v. United States, 30 C. C. A. 74, 85 Fed. 204, that in an indictment like this it is not essential that the letter be described as of an indecent character in addition to describing it as obscene, lewd, and lascivious. The case of United States v. Chase, 135 U. S. 255, 10 Sup. Ct. 756, 34 L. Ed. 117, relied upon by counsel, relates only to the meaning of the word "writing," and to the influence thereon of the words "other publication." The interpretation sought to be put upon it would render an indictment such as this insufficient, unless it described the letter as a "publication" of an indecent character, in addition to calling it a letter and alleging that it was obscene, lewd, and lascivious. We think the case is not susceptible of such an interpretation and is without application to the one before us.

While neither the letter nor its substance is set forth in the indictment, it is therein alleged that the letter commenced, "Wakeeney, Kans., Aug. 19–04—Friend [the name will be omitted]: I am sorry to inform you," and concluded, "I mean business and would like to tell you all sometime. Your friend," and that it was "obscene, lewd, and lascivious, and was so obscene, lewd, and lascivious as to be offensive to this honorable court and improper to spread upon the records thereof, or to be more fully set forth in this instrument." That it was sufficiently identified, we think, is plain. The fourth objection, however, goes beyond the matter of identification, and is that the allegations in respect of the character of the letter were mere legal conclusions, and, in any event, did not sufficiently inform the accused of the nature and cause of the accusation against him. Upon principle and authority the objection is untenable. The office of an indictment is to set forth the facts constituting the essential elements of the offense, but not the evidence. 1 Chitty, Cr. L. 231a; Wharton, Cr. Pl. & Pr. (9th Ed.) § 158; Brown v. United States, 74 C. C. A. 214, 143 Fed. 60. The allegation in respect of the character of the letter was one of fact, the truth or falsity of which was to be determined by the evidence, which would probably consist of the letter and whatever properly affected its interpretation; and that allegation was no more a legal conclusion than was the one that the article deposited in the post office was a letter, or than would be an allegation of ownership or sale. In Grimm v. United States, 156 U. S. 604, 15 Sup. Ct. 470, 39 L. Ed. 550, where the charge was that the defendant had unlawfully used the mails for transmitting information to others of the place where obscene, lewd, and lascivious pictures could be obtained, the court held untenable the objection that the pictures or a full description of them should have been incorporated into the indictment, and declared that it was sufficient to allege their character and leave further disclosures to the introduction of evidence. And in Price v. United States, 165 U. S. 311, 17 Sup. Ct. 366, 41 L. Ed. 727, where the charge was that the defendant had unlawfully used the mails for transmitting a certain book "the

character of which is so obscene, lewd, and. lascivious that said book would be offensive if set forth in full in this indictment," the court held there was no force in the objection that this was a mere expression of the opinion of the pleader, and said:

"The plain English of an allegation that a book is so obscene and indecent as to be offensive, if set forth in full in an indictment and placed upon the records of the court, is that the book is obscene in fact, and to the degree described. No one denies that there are degrees of obscenity, any more than that two and two make four; but, when a book is stated to be so obscene that it would be offensive if set forth in full in an indictment, such allegation imports a sufficient degree of obscenity to render the production nonmailable and obscene under the statute."

When an indictment sets forth the facts constituting the essential elements of the offense with such certainty that it cannot be pronounced ill upon motion to quash or demurrer, and yet is couched in such language that the accused is liable to be surprised by the production of evidence for which he is unprepared, he should, in advance of the trial, apply for a bill of the particulars; otherwise it may properly be assumed as against him that he is fully informed of the precise case which he must meet upon the trial. 1 Bishop's New Cr. Proc. § 643 et seq.; Wharton, Cr. Pl. & Pr. (9th Ed.) § 702 et seq.; Dunbar v. United States, 156 U. S. 185, 192, 15 Sup. Ct. 325, 39 L. Ed. 390; Rosen v. United States, 161 U. S. 29, 40, 16 Sup. Ct. 434, 480, 40 L. Ed. 606; Durland v. United States, 161 U. S. 306, 315, 16 Sup. Ct. 508, 40 L. Ed. 709; Dunlop v. United States, 165 U. S. 486, 491, 17 Sup. Ct. 375, 41 L. Ed. 799; United States v. Bennett, 24 Fed. Cas. 1,093, No. 14,571; Tubbs v. United States, 44 C. C. A. 357, 105 Fed. 59. The defendant made no such application, but entered upon the trial without other objection than to demur to the indictment upon the ground that it "does not state facts sufficient to constitute an offense against the laws of the United States."

In the Rosen Case, supra, portions of the paper charged to have been unlawfully deposited in the mails were alleged to be obscene, lewd, lascivious, and improper to appear upon the records of the court, and it was objected that the omission from the indictment of a description of the objectionable matter was in violation of the constitutional guaranty that a defendant in a criminal case shall be informed of the nature and cause of the accusation against him; but upon much consideration the objection was overruled, and Mr. Justice Harlan, speaking for the court, said:

"The doctrine to be deduced from the American cases is that the constitutional right of the defendant to be informed of the nature and cause of the accusation against him entitles him to insist, at the outset, by demurrer or by motion to quash, and, after verdict, by motion in arrest of judgment, that the indictment shall apprise him of the crime charged with such reasonable certainty that he can make his defense and protect himself after judgment against another prosecution for the same offense; that this right is not infringed by the omission from the indictment of indecent and obscene matter, alleged as not proper to be spread upon the records of the court, provided the crime charged, however general the language used, is yet so described as reasonably to inform the accused of the nature of the charge sought to be established against him; and that, in such case, the accused may apply to the court before the trial is entered upon for a bill of particulars, showing what

parts of the paper would be relied on by the prosecution as being obscene, lewd, and lascivious, which motion will be granted or refused, as the court, in the exercise of a sound legal discretion, may find necessary to the ends of justice."

Following the decision in that case a like objection was overruled by this court in Tubbs v. United States, supra.

No complaint is made of the punishment actually imposed, which was a fine of $500 and imprisonment in a county jail until the fine should be paid. But it is objected that the statute, in providing that the offender shall be fined not more than $5,000, or imprisoned at hard labor for not more than five years; or both, at the discretion of the court, violates the eighth amendment to the Constitution, which declares that excessive fines shall not be imposed, nor cruel and unusual punishments inflicted. The objection is to the measure, and not the form, of the punishment. In our opinion it is without merit. It loses sight of the corrupting nature of the offense and of the necessity for effectually checking the temptation to use the mails for improper purposes. The dissemination of that which makes against decency, purity, and chastity in private life is infinitely more dangerous to society than are many offenses, the authorized and commonly approved punishment for which is more severe. And no other agency is so well adapted to the inexpensive, extensive, and effective dissemination of such indecent matter as are the mails. True, the statute lodges a wide discretion in the court in affixing the punishment, but this is upon the supposition that the discretion will be judicially exercised according to the circumstances of the particular offense, its malignity, and the occasion for deterring others from offending in the like way. We have no doubt that there may be cases in which the imposition of the maximum punishment would be consistent with the constitutional guaranty. A further consideration which makes strongly against the objection is that it seems never to have been made before, although the statute has long been in existence, and has been frequently considered and enforced in the trial and appellate courts. Our conclusion is that the demurrer to the indictment and the motion in arrest of judgment were rightly overruled.

At the trial the court permitted witnesses who stated that they had observed the defendant write and believed they knew his writing, although having only a limited acquaintance therewith, to examine the letter in question and to testify that in their opinion it was written by him. This, it is said, was error, but it must be ruled otherwise. According to their statements the witnesses were qualified to express such an opinion, and their limited acquaintance with the defendant's writing merely affected the weight to be accorded to the opinion. Rogers v. Ritter, 12 Wall. 317, 322, 20 L. Ed. 417; 1 Greenleaf, Ev. (13th Ed.) § 577; 1 Wigmore, Ev. §§ 694–698; 17 Cyc. 157.

A witness of wide experience in the examination of disputed handwriting, Mr. J. F. Shearman, was permitted to give the following testimony respecting the letter in question, and another not now material:

"Q. I will ask you to examine these two letters once more and state whether, in your opinion, the person who wrote them was at the time mak-

ing more or less of an effort to disguise his true and genuine handwriting, or do you have an opinion on that point? A. Yes, I have an opinion.

"Q. State the opinion. A. I do not think there is very much to disguise about that.

"Q. Do you think there is any? A. Slight, some little, but not very much."

This was objected to by the defendant, upon the ground that it was mere speculation and not a proper matter of opinion, and the objection is now renewed. Whether or not an expert in handwriting may be asked to give an opinion, from a mere inspection of the disputed writing, whether it is in a genuine or a disguised hand, was at one time the subject of much difference of opinion; but it seems to be now reasonably well settled that this species of evidence, though generally of slight weight, and often immaterial, is competent. Moody v. Rowell, 17 Pick. (Mass.) 490, 28 Am. Dec. 317; 3 Wigmore, Ev. § 2026. But, be this as it may, it is plain that the particular testimony, against which this objection is directed, was of such trifling import that the defendant could not have been injured by its admission. Holmes v. Goldsmith, 147 U. S. 150, 164, 13 Sup. Ct. 288, 37 L. Ed. 118.

Complaint is made that the letter in question was admitted in evidence over the objection that it did not appear to be too obscene, lewd, and lascivious to be more fully set forth in the indictment, as was therein alleged. A reading of the letter, however, satisfies us that it was fittingly characterized in the indictment, and, besides, the complaint is disposed of by the ruling in Dunlop v. United States, 165 U. S. 486, 497, 17 Sup. Ct. 375, 41 L. Ed. 799, where it is said:

"Whether the matter was too obscene to be set forth in the record was a matter primarily to be considered by the district attorney in preparing the indictment; and, in any event, it was within the discretion of the court to say whether it was fit to be spread upon the record or not. We do not think that error will lie to the action of the court in this particular."

Error is assigned upon the denial of several of the defendant's requests for specific instructions to the jury. These have been attentively examined, and we think there was no error in their denial. No exception was taken to the charge actually given, and, in our opinion, it impartially, correctly, and sufficiently enlightened the jury respecting the law applicable to the proper discharge of their duties.

The judgment is affirmed.