LOCKHART v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. March 29, 1918.)

No. 5004.

1. POST OFFICE ⬥⟿48(2)—OFFENSES AGAINST POSTAL LAWS—MAILING OB-
   SCENE MATTER—INDICTMENT.
      An indictment for violation of Cr. Code (Act March 4, 1909, c. 321, 35
   Stat. 1129 [Comp. St. 1916, § 10381]) § 211, by mailing a book containing
   obscene, lewd, and lascivious articles, is not bad because it further char-
   acterizes the articles as "indecent."

2. POST OFFICE ⬥⟿48(2)—OFFENSES AGAINST POSTAL LAWS—MAILING OB-
   SCENE MATTER—INDICTMENT.
      In such an indictment, which sets out the articles alleged to be un-
   mailable, and no meaning for the language is claimed except such as it
   would convey to any reader, it is not necessary to add anything by way of
   innuendo.

In Error to the District Court of the United States for the District
of South Dakota; James D. Elliott, Judge.

Criminal prosecution by the United States against A. F. Lockhart.
Judgment of conviction, and defendant brings error. Affirmed.

Seth Teesdale, of Aberdeen, S. D., for plaintiff in error.

Robert P. Stewart, U. S. Atty., and E. W. Fiske, Asst. U. S. Atty.,
both of Sioux Falls, S. D., and George Philip, Asst. U. S. Atty., of
Rapid City, S. D.

Before SANBORN, CARLAND, and STONE, Circuit Judges.

STONE, Circuit Judge. Writ of error from conviction for mailing
a paper-backed book or pamphlet containing two obscene articles set
forth fully in the indictment.

The matters of which defendant complains are two: Failure to sus-
tain motion to prevent participation in the case of the district attor-
ney, and insufficiency of the indictment. The first matter cannot be
considered, as the total absence of any bill of exceptions leaves this
court without proper information as to what transpired in the trial
court in this respect.

Also a bill of particulars aimed at the indictment, with an alleged
reply thereto by the government, do not appear at all in the record, and
therefore cannot be considered.

[1] The sufficiency of the indictment is assailed through demurrer
and motion in arrest of judgment upon several grounds. It is claimed
that the government improperly broadened the scope and definition of
the crime by the inclusion of the word "indecent," as descriptive of the
character of matter proscribed by the law. The objectionable matter
consisted of two articles in a monthly magazine. The indictment char-
acterized such as "obscene, lewd, indecent, lascivious and filthy," and
as "indecent, obscene, lewd, lascivious and filthy." We cannot agree
that the inclusion, as above, of the word "indecent," has in the slight-

⬥⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

est changed or departed from the thought held in the wording of the statute, which is:

"Every obscene, lewd, or lascivious, and every filthy, book, pamphlet, picture, paper, letter, writing, print, or other publication of an indecent character." Crim. Code, § 211; Compiled Stat. 1916, § 10381.

See Rinker v. U. S., 151 Fed. 755, 81 C. C. A. 379; Timmons v. U. S , 85 Fed. 204, 30 C. C. A. 74; U. S. v. O'Donnell (C. C.) 165 Fed. 218.

[2] It is also claimed that the objectionable words in the two articles are not indicated with particularity and their harmful meaning defined. This was unnecessary. The articles complained of were set out verbatim in the indictment. So far as the record informs us, the government claimed no hidden meaning nor innuendo making expressions, innocent upon their face, vile when understood in the setting surrounding their use. Such concealed significance necessarily arises from circumstances outside of the writing or publication, and, if the government intends to show such significance through evidence of such circumstances, it must apprise the accused so that he may be informed and given an opportunity to combat such proof. Clearly no such necessity exists where the accusation, as here, is based upon only such meaning and inferences as the writing or publication would itself carry to any one reading it.

Another objection to the indictment is that it does not make clear whether the charge is for mailing a single book (one of a package containing 100) or for mailing a package of 100 such books. The description in the indictment is:

"A certain * * * paper-covered book, being a book or pamphlet commonly known as 'Chain Lightning,' * * * and which said book was then and there contained in a package of about one hundred similar and identical paper-covered books packed in a package, and entered under the laws of the United States at the United States post office at said Milbank, as second-class mail matter, so as to entitle the said books including the said book so deposited and caused to be deposited as aforesaid, * * * then and there well knowing the said pamphlet and book to be obscene. * * *"

This is a clear, unmistakable charge for mailing a single book which was included in a shipment of about one hundred such. If the book was vicious within the meaning of the statute, it was a violation of the law to send it through the mail, either alone or with others of its sort. The charge was well laid and was definite. If subsequent prosecutions should be attempted upon other books contained in this same package, the accused will have no trouble in showing that he has already been convicted for transmitting one of such books. Then the question may be presented of whether or not such conviction bars further prosecution upon such shipment. Here we decide that there may be a prosecution for mailing one of a package of identical obscene books, and that this indictment was clear in its charge in that respect.

The judgment is affirmed.