# PARKER v. STATE OF INDIANA.

[No. 9,467.   Filed October 10, 1916.   Rehearing denied December 13, 1916.   Transfer denied February 23, 1917.]

1. APPEAL.—*Appeal from Juvenile Court.—Assignment of Error.— Error Assignable.—Statute.*—Under §1635 Burns 1914, Acts 1907 p. 221, relating to appeals from the juvenile to the Appellate Court, the only assignment of error allowed on appeal is, "that the decision of the court is contrary to law"; and such assignment is sufficient to present both the sufficiency of the facts found to sustain the judgment and the sufficiency of the evidence to sustain the findings.   p. 672.

2. APPEAL.—*Appeal from Juvenile Court.—Consideration of Evidence.—Bill of Exceptions.—Statute.*—Where the appellant from the juvenile to the Appellate Court fails to incorporate the evidence in a bill of exceptions filed in the juvenile court and to have it made a part of the record, as required by §1635 Burns 1914, Acts 1907 p. 221, no question concerning the evidence can be considered on the appeal.   p. 673.

3. APPEAL.—*Review.—Criminal Prosecution.—Findings.—Sufficiency.* —Where, in a prosecution for contributing to the delinquency of a girl under the age of sixteen years, the juvenile court found "that the defendant did cause and encourage . . . . . . to commit an act of delinquency at or about August 14, 1915, at or about 2 p. m. of that day and again on or about Saturday, August 21, 1915, at about 2 o'clock p. m.," the last date being the one mentioned in the affidavit filed in the cause on September 8, 1915, such finding was not insufficient as failing to show that the alleged offense was committed prior to the time of the filing of the affidavit, or because the use of the words "on or about" is not sufficiently certain.   p. 673.

4. WORDS AND PHRASES.—*"On or About."*—The common under- standing of the words "on or about," when used in connection with a definite point of time, is that they do not put the time at large but indicate that it is stated with approximate certainty.   p. 673.

5. APPEAL.—*Criminal Prosecution.— Failure to Incorporate Evi- dence in Record.—Findings.*—Where, in an appeal from the judg- ment of the juvenile court in a criminal prosecution, the evi- dence is not before the court, the facts found by the juvenile court must be taken as correctly found.   p. 674.

From Marion Juvenile Court (10,481a); *Frank J. Lahr*, Judge.

Action by the State of Indiana against Cecil Parker. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Donald S. Morris,* for appellant.

*Evan B. Stotsenburg* and *Ele Stansbury,* Attorneys-General, *U. S. Lesh, Elmer E. Hastings, Edward M. White. John G. McCord, Wilbur T. Gruber* and *Omer S. Jackson,* for the State.

IBACH, J.—Appellant was convicted in the juvenile court of Marion county for contributing to the delinquency of a girl under the age of sixteen years. An appeal having been prayed to this court the judge of the juvenile court, as directed by §1635 Burns 1914, Acts 1907 p. 221, certified the facts of the case in the form of a special finding.

For the purposes of this appeal it is unnecessary to set out these findings in full. It is sufficient to say that they show the grossest misconduct on the part of appellant. They show that by the most deceptive and basest practices he induced and persuaded ————, a girl then under the age of sixteen years, on different days during the month of August, 1915, to accompany him to the Elite Hotel in the city of Indianapolis and there committed acts of the most revolting nature with the girl and persuaded her to have illicit sexual intercourse with him, all of which of necessity contributed to her delinquency.

Appellant's assignment of errors contains a number of specifications, but we are precluded from considering any except the first because the only assignment of error 1. allowed by the statute regulating such appeals is, "that the decision of the court is contrary to law." §1635 Burns 1914, *supra.* This statute provides "an assignment of error that the decision of the juvenile court is contrary to law" shall be sufficient to present both the sufficiency of the facts found to sustain the judgment and the sufficiency of the evidence to sustain the findings. See, also, *Murphy* v. *State* (1915), 61 Ind. App. 226, 111 N. E. 806.

This statute also provides: "In case the party appealing questions the sufficiency of the evidence to warrant the findings thus made by the court, such evidence shall

2. be incorporated in a bill of exceptions filed in said juvenile court and made a part of the record." This the appellant has failed to do and since the evidence is not in the record no question concerning the same can be considered on appeal. §1635 Burns 1914, *supra*; *Beard* v. *State* (1876), 54 Ind. 413; *Enners* v. *State* (1874), 47 Ind. 126; *Walbert* v. *State* (1896), 17 Ind. App. 350, 353, 46 N. E. 827.

The court found by specifications Nos. 8 and 9 of his special findings, "that the defendant did cause and encourage ———— to commit an act of delinquency on or

3. about August 14, 1915, at or about 2 p. m. of that day and again on or about Saturday, August 21, 1915, at about 2 o'clock p. m." The last date is the one mentioned in the affidavit filed in the cause on September 8, 1915.

Appellant now claims that the finding is insufficient because it fails to show that the alleged offense was committed prior to the time of filing the affidavit, and that the use of the words "on or about" a particular day is not certain enough.

Time here was not of the essence of the offense. The language of the affidavit and the finding of the court are sufficiently certain. §2046 Burns 1914, Acts 1905 p. 584, 622; *Shell* v. *State* (1896), 148 Ind. 50, 47 N. E. 144. The common understanding of the words "on or about"

4. when used in connection with a definite point of time is that they do not put the time at large but indicate that it is stated with approximate certainty. *Rinker* v. *United States* (1907), 151 Fed. 755, 757, 81 C. C. A. 379.

So in this case the finding of the court that the offense

3. of which appellant was charged was committed "on or about" a definite time is a statement of the date

with approximate accuracy and is sufficiently definite and certain to show that the offense charged was committed before the filing of the affidavit and before it became barred by the statute of limitations. *Cotner* v. *State* (1909), 173 Ind. 168, 89 N. E. 847.

Since the evidence is not before us, the facts found by the juvenile court must be taken as correctly found and as before stated they conclusively show that appellant was guilty of contributing to the offense charged within the meaning of the statute. Judgment affirmed.

NOTE.—Reported in 113 N. E. 763. Appeals from judgments of juvenile courts, procedure, Ann. Cas. 1916E 1017. Meaning of "on or about," 17 Ann. Cas. 742; 29 Cyc 1492.