STEPHEN *v*. STATE OF INDIANA.

[No. 26,097.   Filed December 28, 1934.]

*Chauncey W. Duncan, Owen C. Boling, Douglas J. Morris, William E. Sparks,* and *Albert P. Heeb,* for appellant.

*James M. Ogden,* Attorney-General; and *V. Ed Funk,* Deputy Attorney-General, for the State.

MYERS, J.—Appellant, by affidavit filed in the court below, was charged with the offense of first degree rape on a child under the age of sixteen, to wit: fifteen years of age. Section 10-4201, Burns 1933, §2422, Baldwin's 1934, Acts 1927, p. 576, §2. A jury returned a verdict finding appellant guilty of second degree rape. Judgment and sentence followed in the penalty fixed by the statute. On appeal to this court several errors are assigned. We will notice them in the order of their assignment.

(1) Overruling appellant's motion to quash the affidavit for want of certainty. The affidavit charges that the offense was committed "on or about the 21st day of June, 1930." Appellant insists that time is the essence of the offense charged, and that the affidavit fixing the time "on or about" a day named is insufficient for want of certainty.

The present question is one of pleading alone, and must be decided free from considerations which may arise at the trial. Since "time is not the essence of the offense of rape" (*Johnson* v. *State* [1920], 189 Ind. 597, 599, 128 N. E. 693), the words "on or about" used by the pleader in the instant affidavit sufficiently indicated the time with approximate certainty. The date of the alleged offense is not a component part of it, for the reason the cause of action is the rape of the child. In *Rinker* v. *United States* (1907), 151 Fed. 755, 757, it is said: "The common understanding of the words 'on or about,' when used in connection with a definite point of time, is that they do not put the time at large, but indicate that it is stated with approximate accuracy." Here only one act is charged, the time of which was prior to the filing of the affidavit and within the statute of limitations. The affidavit was not bad for uncertainty. Section 9-1106, Burns 1933, §2189, Baldwin's 1934, Acts 1905, p. 584, §175, §§9-1126-27, Burns

1933, §§2205, 2206, Baldwin's 1934, Acts 1905, p. 584, §§191, 192; *Cortner* v. *State* (1909), 173 Ind. 168, 172, 89 N. E. 847; *Parker* v. *State* (1917), 63 Ind. App. 671, 113 N. E. 763; *Rinker* v. *United States, supra; Thompson* v. *United States* (1922), 283 Fed. 895; *Mazzarella* v. *Whelan* (1923), 276 Pa. St. 313, 120 Atl. 141; *Johnston* v. *Disbrow* (1881), 47 Mich. 59.

(2) Appellant's petition presented to the special judge challenging his jurisdiction over the subject-matter of the action and of the defendant was denied. This ruling is made the basis for the independent assignment of error, as also one of the causes in appellant's motion for a new trial. The question is saved as a cause in the motion for a new trial. *Sidener* v. *Davis* (1882), 87 Ind. 342; *Walb* v. *Eshelman* (1911), 176 Ind. 253, 94 N. E. 566; *Burns* v. *State* (1922), 192 Ind. 427, 136 N. E. 857.

The petition, filed with the clerk of the Fayette circuit court on June 6, 1931, and not shown to have been presented to the presiding judge but to the special judge, in substance, states that on May 25, 1931, and prior thereto, and on May 26th, attorneys Duncan and Morris of Rushville and Sparks and Heeb of Connersville were the attorneys representing him in the Fayette circuit court in the case of the State of Indiana against himself; that at that time he lived in Indianapolis and on the evening of that day his attorney Duncan mailed to the presiding judge of the Fayette circuit court at Connersville, Indiana, an application for a change of venue from the judge, together with a letter stating to the court that his Rushville attorneys would be in the Fayette circuit court on the morning of May 27th ready to take such action as the court desired in relation to the application for a change of judge; that his said Rushville attorneys did appear in court on the morning of May 27th with the defendant, whereupon they learned

from an orderbook entry made on May 26th, that their application for a change of judge had been filed on that date and granted, and the court now "submits for selection the names of" three circuit court judges, "and the defendant not being represented in open court by counsel, the court orders the clerk of this court to strike "from the list one of the names and the prosecuting attorney struck another, leaving on said list the name of Hon. Roscoe C. O'Byrne," whom the court appointed "to serve as special judge in the above entitled cause;" that neither the appellant nor his counsel at any time ever refused to appear and strike off one of the three names by the court selected, nor did they have an opportunity to participate in any manner in the selection of the special judge in said cause; that by reason of the aforesaid facts, the special judge so selected had no jurisdiction of the subject matter or of the defendant. Wherefore the defendant prays that the appointment of the Hon. Roscoe C. O'Byrne as special judge in said cause be revoked, annulled, and set aside, and the defendant given an opportunity to participate in the selection of a special judge, which petition was by the special judge taken under advisement until June 8th, when he denied the same with an exception. Thereupon the case was called and proceeded to trial before a jury.

The foregoing petition presented to the special judge prayed that the order appointing him "be revoked, annulled and set aside." While such judge would not have the authority to annul the order thus made, yet, for cause shown, the proper practice would be to remand the case to the regular judge. In determining the theory of a pleading, the prayer thereof may be advisory, but it will not control the theory outlined by the general and special allegations showing the relief sought by the pleader. *Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind. 592, 100 N. E. 675, 102

N. E. 99; *Barnum* v. *Rallihan* (1916), 63 Ind. App. 349, 112 N. E. 561. Applying this rule to the facts stated in the petition, it obviously appears that the pleader challenged the jurisdiction of the special judge over the subject matter and of the defendant because of the alleged failure of the regular judge to follow the procedure required by the statute for the appointment of a special judge. Notwithstanding the prayer, the facts stated in the body of the petition were sufficient to indicate the relief demanded, which, according to the established practice, would require the remanding of the cause to the regular judge and the petition will be so treated. The alleged ground for remanding the cause is the failure of the regular judge to follow the procedure required by the statute for the appointment of a special judge. Such appointee acquires the jurisdiction to hear and determine a cause of action by virtue of his appointment, in compliance with the methods of a mandatory statute. This statute, §9-1302, Burns 1933, §2223, Baldwin's 1934, so far as at present applicable, requires the court, where a change of venue is taken from the judge in a criminal action, to immediately thereafter "nominate three competent and disinterested persons, available judges or members of the bar of this state, "to be submitted to the parties in the action," from which each side "shall immediately strike off one (1) of such names each. The court shall thereupon appoint such person who shall remain unchallenged to preside in said cause. If the prosecuting attorney or the defendant, or his attorney, refuse to strike off the names, then the clerk of the court shall strike for them."

The petition sufficiently discloses that the persons so nominated by the judge of the Fayette circuit court were never submitted to appellant nor to his attorney, nor did appellant or his attorney refuse to participate in the selection of a special judge,

as was his right under the statute. Since by virute of this statute a special judge derives his jurisdiction to preside in a cause, we deem it essential that the various requirements of the statute be followed. The statute not being followed in the particulars mentioned was effective to deny appellant a right which it gave him.

Where the jurisdiction of a judge to preside at a trial is challenged, an answer to the effect that unless harmful error is shown the judgment will not be reversed is insufficient. In the instant case the objections to the appointment of the special judge were timely made, for, as we have seen, immediately following the ruling of the judge denying the petition, the case was called and the trial commenced.

Certain instructions given by the court upon its own motion are claimed to be erroneous, but these instructions and the objections thereto present questions which will not properly arise upon a retrial.

The action of the special judge in denying appellant's petition was error, for which the judgment in the instant case must be reversed.

Judgment reversed, with instructions to sustain appellant's petition for a remand of the cause to the regular judge, and for further proceedings not inconsistent with this opinion.