565 P.2d 915

**GITTNER–LOUVIERE ENGINEERING, INC., an Arizona Corporation, Petitioner,**

**v.**

**SUPERIOR COURT OF PINAL COUNTY, Arizona, and the Honorable T. J. Mahoney, and J. E. Warne, Jr., as Trustee of the Warne Trust, J. G. BENNITT and Virginia H. Bennitt, husband and wife, Real Parties in Interest, Respondents.**

No. 2 CA–CIV 2583.

Court of Appeals of Arizona, Division 2.

June 9, 1977.

Jennings, Strouss & Salmon by Stephen A. Myers, Phoenix, for petitioner.

Dushoff & Sacks by Robert V. Kerrick, Phoenix, for respondents.

## OPINION

HOWARD, Chief Judge.

Petitioner brings this special action to challenge the respondent court's refusal to grant a motion for dismissal with prejudice or in the alternative a motion for summary judgment. Special action is the only remedy available since the denial is not an appealable order. We take jurisdiction and grant relief.

In June, 1975, the respondent trustee and the respondents Bennitt filed a complaint alleging that they owned certain real estate in Pinal County adjacent to certain subdivided property known as Mountain View Estates, that the defendants, including petitioner, caused drainage channels to be constructed upon the property, diminishing the value thereof, and that the cause of action accrued on or about July 15, 1974, when construction of the drainage channels began. The complaint specifically named some of the defendants and, as to others, identified them by a general description of their activities and denominated them as John Doe and Black Corporation. It alleged that the John Doe and Black Corporation designations were fictitious to the extent that the plaintiffs did not then know the true names of those defendants but requested leave to substitute the true names at such time as they would be ascertained. No attempt was made to substitute the true names until a motion for leave to amend on December 2, 1976. The answer of the originally named defendants and their third-party complaint were filed on July 17, 1975, identifying by name the two corporations which were involved with the original defendants in the design and construction of the drainage channels. In addition, plaintiffs' counsel took the deposition of Edward Louviere on September 5, 1975.

 It is the petitioner's position that the original complaint of respondents must be abated under Rule 6(f), Rules of Civil Procedure, since the summons and complaint were not amended and served upon petitioner within the rule's one-year requirement for service of process, even though petitioner's true identity had been known by the plaintiffs as early as July 1975 and no later than September 5, 1975. Rule 6(f) states:

"An action shall abate if the summons is not issued and served, or the service by publication commenced within one year from the filing of the complaint."

Abatement was proper and the motion to dismiss should have been granted under *Grobe v. McBryde,* 105 Ariz. 577, 468 P.2d 936 (1970) in which our Supreme Court stated:

"Under Rule 10(f) defendants may be designated by fictitious names only so long as the plaintiff does not know the true names. [citation omitted] Here the plaintiffs knew the identity . . ., but apparently were only uncertain of the strength of their case against him. It is not difficult to imagine the potential for abuse inherent in permitting the use of fictitious names in a complaint to toll the statute of limitations indefinitely while the plaintiff perfects his case." 105 Ariz. at 580–581, 468 P.2d at 940.

However, as indicated in *Grobe,* Rule 6(f) is not self-executing and the trial court may, where good cause is shown, extend the time within which the defendant may be served. *Garcia v. Frey,* 7 Ariz.App. 601, 442 P.2d 159 (1968). In the case before us, however, we can see no excusable neglect which justifies the more than one-year delay. The question is whether or not respondents exercised reasonable diligence in the prosecution of the action. *Van Campen v. Upjohn Company,* 19 Ariz.App. 81, 504 P.2d 1304 (1973). The only "good cause" stated by respondents is that settlement discussions had been initiated by them on the third-party complaint and that since petitioner was already actively involved as a third-party defendant, it "lulled the respondents' counsel into a false impression that the petitioner considered itself a defendant as to the respondents' claims as well as to the claims of the third-party plaintiff." We cannot accept this explanation as constituting good cause. The settlement discussions were initiated in September, 1975 and according to respondents were on-going in September, 1976. During all this time, respondents knew petitioner's true name. In addition, leave to file the amended complaint was not sought until December, 1976, three months after the alleged settlement negotiations had broken down. While we recognize that the trial court has discretion to extend the time for effecting service of process upon now-known fictitious defendants beyond the one-year limit of Rule 6(f), we find the

absence of excusable neglect renders such remedy inappropriate here.

Therefore, the remaining question is whether filing an amended complaint on December 2, 1976 would be timely within the requirements of the applicable Arizona statute of limitations. A.R.S. § 12–542 states:

> "There shall be commenced and prosecuted within two years after the cause of action accrues, and not afterward, the following actions:
>
> \* \* \* \* \* \*
>
> 3. For trespass for injury done to the estate or the property of another."

■ Validity and timeliness of the amended complaint cannot be supported by the provisions of Rule 15(c), Arizona Rules of Civil Procedure, since Rule 15(c) can only be utilized where the original complaint remains in effect as against the fictitiously named, or erroneously identified, defendant. *Grobe v. McBryde,* supra. The effect of abatement is the same as dismissal without prejudice and a plaintiff would be permitted to refile unless precluded by expiration of the limitations period. 54 C.J.S Limitation of Actions § 287. In this case, the period has obviously expired. The face of respondents' verified amended complaint reflects that the cause of action accrued on or about July 15, 1974. The deposition of Mr. Louviere concurs with such date. To avoid the bar of the statute of limitations, respondents' action had to be commenced on or before July 15, 1976. Respondents advance the argument that "on or about" might include a large number of days prior to and after such date and the date is therefore an issue of fact, making summary judgment improper at this time. However, "on or about" has been held to signify approximate certainty, a date in close proximity to the one mentioned. *Stephen v. State,* 207 Ind. 388, 193 N.E. 375 (1934); *Parker v. State,* 63 Ind.App. 671, 113 N.E. 763 (1916); *Render v. Commonwealth,* 206 Ky. 1, 266 S.W. 914 (1924); *Crawford v. Arends,* 351 Mo. 1100, 176 S.W.2d 1 (1943); *Lewis v. Merrill,* 228 Or. 541, 365 P.2d 1052 (1961). Nowhere in the record is there any testimony under oath which suggests a conclusion that the trespass did not occur until December of 1974. In fact, the respondents had stated under oath to the contrary. We therefore do not believe the date is a material issue of fact such as would make summary judgment improper at this time.

Since there was no showing of excusable neglect to justify allowing an extension of the time period prescribed by Rule 6(f), the respondent court should have granted petitioner's motion to abate. And since the amended complaint was filed past the two-year statute of limitations, the motion for summary judgment should have been granted. The order denying petitioner's motions is hereby vacated with directions to enter an appropriate order consistent with this opinion.

HATHAWAY and RICHMOND, JJ., concur.