588 P.2d 824

Randy L. SNOW, Appellant,

v.

Scott STEELE, a minor, Gary D. Steele and Kathy Steele, his wife, National Paint & Drywall Contractors, Inc., an Arizona Corporation, Scott Peralta, a minor, Danny H. Peralta and Carol J. Peralta, his wife, Foam Paint & Coatings, Inc., an Arizona Corporation, Appellees.

No. 13154.

Supreme Court of Arizona, In Division.

May 31, 1978.

Rehearing Denied Jan. 11, 1979.

Edward L. Hohn, Phoenix, for appellant.

Moore & Romley by Craig R. Kepner, Phoenix, for appellees Steele and National Paint & Drywall Contractors, Inc.

Jennings, Strouss & Salmon by William T. Birmingham, M. Byron Lewis, Phoenix, for appellee Foam Paint & Coatings, Inc.

Boettcher, Crowder & Schoolitz by Harry Schoolitz, Jr., Scottsdale, for appellees Peralta.

STRUCKMEYER, Vice Chief Justice.

This action was commenced by Randy L. Snow against Scott Steele and others for personal injuries arising out of a collision with a go-cart. The court below granted the defendants' motions to dismiss and from dismissal of the action this appeal has been perfected. Affirmed in part and reversed in part.

On June 10, 1972, the plaintiff, Randy L. Snow, was injured. On July 26, 1974, he filed his complaint. On September 2, 1975, more than a year later, an alias summons was caused to be issued and on September 3 and 4, the various defendants were served. The three Steele defendants and National Paint and Drywall Contractors, Inc. moved on September 23, 1975 to dismiss the action against them for failure to serve process within one year of filing the complaint. Accompanying the motion was the affidavit of Gary D. Steele, which set forth that since the accident he and his wife had resided at 4135 West Linger Lane in Phoenix, Arizona, and that the corporation headquarters of the National Paint and Drywall Contractors, Inc. had been since June 10, 1972 located at 9801 North 21st Avenue in Phoenix. Based on this affidavit and other matters, the court granted the motion.

■ Rule 6(f), Arizona Rules of Civil Procedure, 16 A.R.S., provides:

"An action shall abate if the summons is not issued and served, or the service by publication commenced within one year from the filing of the complaint."

By the literal language of the statute, the plaintiff did not comply with Rule 6(f). However, he relies on the holding in *Grobe v. McBryde,* 105 Ariz. 577, 468 P.2d 936 (1970), where we said:

"Rule 6(f) is not self-executing, and the trial court may, where good cause is shown, extend the time within which a defendant may be served. *Garcia v. Frey,* 7 Ariz.App. 601, 442 P.2d 159 (1968). However, the rule places a legal duty upon a plaintiff to exercise due diligence in serving a defendant within the year period prescribed. *Murphey v. Valenzuela,* 95 Ariz. 30, 386 P.2d 78 (1963)." 105 Ariz. at 579, 468 P.2d at 938.

In opposition to the motion to dismiss, the plaintiff filed an affidavit in which his attorney set forth that in the first week of July 1975 he instructed his secretary to have the summons and complaint in the case served on all the defendants, but that unknown to him his secretary "was in a state of complete physical and mental incapacitation" and that, as a result, the summons and complaint were not served upon the defendants within the one-year period as he ordered.

The plaintiff did not appear for the hearing on the defendants' motion to dismiss. The court took the motion under advisement and later entered its order granting defendants' motion. Plaintiff then filed a motion for rehearing and reconsideration, which was heard on December 11. At that time, the following colloquy took place:

"THE COURT: Well now, let's see. The action was filed on June 26 of 1974.

MR. HOHN: That is correct.

THE COURT: When did you get the matter to your secretary for service?

MR. HOHN: The first of July.

THE COURT: On the first of July?

MR. HOHN: Of '75.

THE COURT: What did you do with it since it was filed in 1974. Where was it all this time?

MR. HOHN: Well, it was in my office and it was in—

THE COURT: In your possession?

MR. HOHN: Yes, that is correct.

THE COURT: Why did you not pursue it during all of that time?

MR. HOHN: There were a number of things there. My client was out of town for some period of time. There were just other inter-office delays, but the point I want to be clear on is that within that year of time, there were attempts to serve it, and due to that one breakdown in mechanical sequence, it did not become served.

THE COURT: What breakdown are you referring to?

MR. HOHN: My secretary, while it is my responsibility, did not complete the same due to—

THE COURT: All right.

MR. HOHN: —a mental breakdown.

THE COURT: But you didn't give it to her until the first of July, 1975.

MR. HOHN: That's right.

THE COURT: Almost a year later.

MR. HOHN: Well, that's right. About eleven months later.

THE COURT: So you had over eleven months before you gave it to her within which service could have been made.

MR. HOHN: Yes * * *."

Plaintiff asserts that his showing demonstrates "that there has clearly been due diligence exercised" in attempting to cause completion of service of process. We think, however, from the foregoing that the trial court did not abuse its discretion in granting the defendants', Steele and National Paint and Drywall Contractors, motion to dismiss. Where the plaintiff did not attempt to serve the defendants for more than eleven months after filing the complaint and can supply no satisfactory reason for this delay, irrespective of what happened in the last month of the year, the court below could reasonably conclude that he had not exercised due diligence.

The case against the minor, Scott Peralta, and his father and mother, Danny and Carol Peralta, rests on a different basis. On September 23, 1975, they moved to dismiss the plaintiff's complaint for the failure to state facts upon which relief might be granted. Subsequently, some three months later on December 31, 1975, they moved the court pursuant to the Arizona Rules of Civil Procedure, Rule 15, 16 A.R.S., to amend the answer "to interpose the defense of abatement of Plaintiff's complaint by reason of the failure to serve the Alias Summons and Complaint within one year as required by Rule 6(f) * * *." On January 14, 1976, the court granted this motion. It is plaintiff's position that the Arizona Rules of Civil Procedure, Rule 12(i) specifically provides that if a defendant fails to assert at once, either by motion or in his answer, the defense of insufficiency of service or process, he waives that defense. He argues that the interpretation of Federal Rule 12(h) is that the defenses of insufficiency of process and insufficiency of service of process are waived if they are not included in the preliminary motion under Rule 12 as required by Rule 12(g) or, if no such motion, they are not included in the responsive pleading.

The case against the Foam Paint and Coatings, Inc. is similar to the Peraltas. On September 23, 1975, a motion to dismiss for failure to state a claim on which relief could be granted was made on behalf of the Foam Paint and Coatings, Inc. Thereafter, on November 17, Foam Paint and Coatings, Inc. amended its motion to dismiss and set forth that the action had abated by reason of the plaintiff's failure to serve this defendant within one year. Here, again, the court granted the amendment. Rule 12(b) is clear. It provides:

"Every defense * * * shall be asserted in the responsive pleading thereto * * *."

except that insufficiency of process and insufficiency of service of process may be made by motion. The failure to raise the insufficiency of process and insufficiency of service of process constitutes a waiver thereof. Rule 12(h); *Montano v. Scottsdale Baptist Hospital,* 119 Ariz. 448, 581 P.2d 682 (1978). See Moore's Federal Practice Rules Pamphlet, Part 1, 1975, at page 432, wherein Moore says:

"Clearly the [1966] amendments adopt the position that a defense omitted from a Rule 12 motion cannot be the subject of a second motion nor raised in a responsive pleading except as specifically provided for in Rule 12(h). Rule 12(h)(1) spells out more clearly than before the principle that the defenses of lack of jurisdiction over the person, improper venue, insufficiency of process and insufficiency of service of process are waived:

(1) if a Rule 12 motion is made and they are not joined in the motion;

* * * * * *

And see Federal Practice and Procedure, Wright and Miller's discussion of Rule 12(h)(1) in Volume 5 at page 44:

"On the other hand, Rule 12(h)(1) states that the defenses enumerated in Rules 12(b)(2) through 12(b)(5) must be consolidated with the original motion and are to be treated as waived unless they are asserted on that one occasion. If the grounds for relief are not properly consolidated, they theoretically are lost as far as amendability and subsequent motions are concerned."

For the foregoing reasons, the judgments as to the Steeles and National Paint and Drywall Contractors, Inc. are affirmed, and the judgments as to the remaining defendants are reversed.

HOLOHAN and GORDON, JJ., concurring.

## SUPPLEMENTAL OPINION

### MOTION FOR REHEARING DENIED

The defendants Scott Peralta, Danny H. Peralta, Carol J. Peralta, and Foam Paint and Coatings, Inc. moved for a rehearing in this matter, principally urging that the Court had misinterpreted the Rules of Civil Procedure, 16 A.R.S. Since the Rules of Civil Procedure are similar to the federal rules, *see* historical note to Rule 1, and since substantial uniformity with federal construction of the rules is desirable, we concluded to issue this supplemental decision.

The defendants Steele and National Paint and Drywall on September 23, 1975 moved to dismiss plaintiff's action upon grounds that it abated because of plaintiff's failure to serve them with summons within one year from the filing of the complaint as required by Rule 6(f), A.R.C.P. 16 A.R.S. We held that the trial court properly ordered a dismissal as to them.

The defendants Peralta and Foam Paint and Coatings, Inc. also appeared on September 23, but only moved to dismiss plaintiff's complaint upon the ground that it failed to state a claim upon which relief might be granted. Fifty-five days later, Foam Paint and Coatings, Inc. moved to amend this motion to set forth that "the action has abated by reason of plaintiff's failure to serve this defendant within one year * * as required by Rule 6(f) * * *", and it was not until December 31, 1975, 99 days after filing the motion to dismiss, that the Peraltas moved to amend their previously filed pleadings to interpose the defense of abatement for the failure to comply with Rule 6(f).

We noted in the opinion the language of Rule 12(b), A.R.C.P., which was taken from the federal Rule 12(b) and is nearly identical to it, provided that "every defense * * shall be asserted in the responsive pleading thereto * * *." We observed that the defenses of insufficiency of process and insufficiency of service of process may be made by motion. Both the Peraltas and Foam Paint and Coatings, Inc. urge that this is not a case of insufficiency of process

or insufficiency of service of process. Wright and Miller, in Federal Practice and Procedure § 1353, state: "A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery *or the lack of delivery of the summons and complaint.*" (Emphasis added.) This is a case in which the summons and complaint were not served within the year as provided by Rule 6(f).

▮ If we assumed that the lack of timely service of the summons and complaint is not within the contemplation of Rule 12(b)(5), still Rule 12 is explicit because it provides without reservation that "[a] defendant shall serve and file his answer within twenty days after the service of the summons and complaint upon him * *" and it proclaims in all-inclusive language "[e]very defense, in law or fact, to a claim for relief in any pleading, * * * shall be asserted in the responsive pleading thereto * * *." We therefore concluded that a motion under Rule 6(f), whether labeled a motion to dismiss or in abatement, must in point of time be asserted when defendant's responsive pleading is filed or the defense is waived. Patently, the defendants Peralta and Foam Paint and Coatings, Inc. did not comply with the Rule when on September 23rd they did not invoke the defense of abatement under Rule 6(f).

Foam Paint and Coatings, Inc. argues that the Court's opinion is a regression "to the days of the technicalities of code pleading * * *." But we think the language of Wright and Miller, in Federal Practice and Procedure, Vol. 5 at page 519, points out how the rules should be interpreted:

"As is true of all the federal rules, Rule 12 is to be liberally construed in accordance with the mandate of Rule 1 calling for the 'just, speedy, and inexpensive determination of every action.' *But this does not mean that the plain requirements of the rule are to be circumvented or ignored.*" (Emphasis added.)

We find nothing in the defense of abatement under Rule 6(f) which distinguishes it so as to amputate it from the requirement that *every* defense shall be asserted in the responsive pleading.[1]

Rule 12(h) provides that a party who omits any defense *"then available to him"* which the rule permits to be raised by motion shall not thereafter make a motion based on the defense so omitted except as provided by subdivision (i)(2). Rule 12(i)(2) permits only the defenses of failure to state a claim upon which relief may be granted, failure to join a party indispensable under Rule 19 and an objection of failure to state a legal defense to a claim to be raised subsequently by motion for judgment on the pleading or at the trial on the merits. None of these exceptions are applicable in the instant case.

▮ We note also that if we consider this as a case of insufficiency of service of proc-

---

1. A case on point from the federal circuit courts is *Hays v. United Fireworks Mfg. Co.,* 420 F.2d 836 (9th Cir., 1969). There the rules of the United States District Court, Western District of Washington, provided that the summons and complaint *must be served within* three months after the issuance of the summons. Rule 20(c), Rules of the United States District Court, Western District of Washington. The rule further provided, like Arizona's Rule 6(f), that unless a defendant has been served within that time period, or has appeared generally in the cause, or service on him has commenced, the action against him shall abate. In the *Hays* case, the summons was not served within the three-month period. Defendants failed to raise that issue in a motion to dismiss. The motion to dismiss was based on the ground that the defendants were residents of other states and beyond the jurisdiction of the district court. The Ninth Circuit held that when the defendants appeared, they were entitled to assert the defense, under Rule 12(b)(4), that the action should be dismissed as to them *for insufficiency of process.* The Ninth Circuit said:

"*Under that rule* they could have asserted this defense either by motion or by answer. Under Rule 12(b), however, if the defense is one which may be made by motion, it may be so made only if the motion is filed before pleading, if a further pleading is permitted. Moreover, Rule 12(g) [Arizona's Rule 12(h)] provides that if a party makes a motion under Rule 12 and does not include therein all defenses and objections then available to him which the rule permits to be raised by motion, he shall not thereafter, with exceptions not here relevant, make a motion based on any of the defenses or objections so omitted." 420 F.2d at 844 (Emphasis added.)

ess, the defense of abatement would be waived by Rule 12(i)(1), since, as to this appellee, an amendment is not permitted by Rule 15(a) as a matter of course.

 Foam Paint and Coatings, Inc. argues that the previous decision of this Court in *Union Interchange, Inc. v. Van Aalsburg,* 102 Ariz. 461, 432 P.2d 589 (1967), "equates the Rule 6(f) defense of abatement with a Rule 41(b) dismissal \* \* \*." The Peraltas argue that Rule 12(b) was totally inapplicable to the case "since Rule 41 is the executing rule \* \* \*." But as we view the rules, this is of no importance.

Rule 41(b) provides:

"For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against him."

In the federal courts, the language of Rule 41(b) has been considered broad enough to permit the dismissal of an action upon motion where the summons and complaint were not served within a reasonable time. Professor Moore says:

"Failure to make service of process within a reasonable time may amount to want of prosecution." Moore's Federal Practice, Vol. 5 at pages 41–134.

In 1956, Judge Medina, in *Messenger v. United States,* 2nd Cir., 231 F.2d 328, extensively examined the history of Federal Rule 41(b). He said:

"When the rules were being formulated and preliminary drafts were circulated and debated by the bench and bar throughout the country, it was at first proposed that the action should abate unless personal jurisdiction by service of process was acquired within 60 days. An alternative proposal was that the action should abate for failure to serve process within 60 days 'unless within that period the court for good cause shown extends the time for service.' See Preliminary Draft of Rules of Civil Procedure (May, 1936). In the end, however, no time was specified for the service of process, the Advisory Committee noting that the motion sanctioned by Rule 41(b) provided 'a method available to attack unreasonable delay in prosecuting an action after it has been commenced.' See Report of the Advisory Committee Containing Proposed Rules of Civil Procedure, p. 4 (April, 1937)."

Contrary to the federal practice, the Arizona Legislature by Rule 6(f) has provided the specific time of one year within which jurisdiction must be acquired by service of process. The defense of abatement of the action for failure to serve process was available to the defendants at the time they filed their responsive pleadings on the 23rd of September. Because the defense was then in existence and because it is clearly embraced within the language "every defense", we hold that Rule 41 simply authorizes abatement, but the time of asserting must be in compliance with Rule 12 and made at the earliest opportunity.

Appellee Foam Paint and Coatings, Inc. urges that: "In the present case this appellee did not even know that the defense of abatement was available at the time of filing the original Motion to Dismiss." We do not think this permits the defense to be deferred to a later date or to fail to raise the issue immediately or within the 20 days in which a pleading may be amended as a matter of course. Appellees Steele and National Paint and Drywall were able to overcome this hurdle and moved promptly on the 23rd of September to dismiss for failure to serve process within one year of the filing of the complaint.

Motion for Rehearing denied.

HOLOHAN and GORDON, JJ., concurring.