690 P.2d 793

**AIR POWER, INC., a California corporation, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA; and the Honorable William T. Moroney, a judge thereof, Respondent Judge,**

**Karl PHILLIPS, Real Party in Interest.**

**AYRES CORPORATION, a Georgia corporation, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA; and the Honorable William T. Moroney, a judge thereof, Respondent Judge,**

**Karl PHILLIPS, Real Party in Interest.**

Nos. 1 CA–CIV 7775–SA,
1 CA–CIV 7826–SA.

Court of Appeals of Arizona,
Division 1, Department B.

Sept. 11, 1984.

Review Denied Nov. 6, 1984.

Monbleau, Vermeire & Turley, P.C. by Albert R. Vermeire, Richard N. Crenshaw, Phoenix, for petitioner Air Power, Inc.

Langerman, Begam, Lewis & Marks by Stanley J. Marks, Mitchell E. Cohen, Phoenix, for respondent Phillips.

Jennings, Strouss & Salmon by Michael W. Mullane, H. Christian Bode, Phoenix, for petitioner Ayres Corp.

OPINION

OGG, Judge.

In these consolidated special actions we must determine whether the trial court abused its discretion, acted arbitrarily and capriciously, contrary to law, or in excess of its jurisdiction in failing to grant peti-

tioners' separate motions to dismiss on grounds of abatement.

By order dated August 15, 1984, we accepted jurisdiction, indicating that a decision on the merits would follow. We begin by reviewing the facts giving rise to these special actions. According to the complaint which was filed, the respondent, Karl Phillips, was injured in an airplane crash on August 27, 1981. The airplane was equipped with a used engine which had been rebuilt by petitioner Air Power Inc., a California corporation. It was installed in the aircraft by petitioner Ayres Corporation, a Georgia corporation. Respondent filed his complaint in Maricopa County, Arizona on August 19, 1982, alleging negligence and strict liability against both petitioners. The date on which the complaint was filed was well within the two-year statute of limitations. *See* A.R.S. § 12–542. As previously noted, both petitioners are out-of-state corporations. Rule 6(f) of the Arizona Rules of Civil Procedure provides a one-year time limit within which to serve summons upon a defendant after the complaint has been filed. One day before the one-year time limit for service had run, respondent made an *ex parte* motion for a six-month extension of time within which to accomplish service upon defendants. Judge James Moeller, a Maricopa County superior court judge, granted the motion, including the following proviso which he specifically added to the order which respondent's counsel had prepared:

This order is without prejudice to the rights of any person or parties not yet served.

Inexplicably, four days after Judge Moeller's order was entered, Judge Peter D'Angelo, who is also a superior court judge in Maricopa County, granted the same motion. Judge D'Angelo's order did not include the proviso which Judge Moeller added to the order presented to him.

Thereafter, respondent served Ayres Corporation on October 31, 1983 with a copy of the summons and complaint. This was more than fourteen months after the complaint was filed and summons issued.

There is a dispute with respect to the date on which Air Power, Inc. was served. Service was made either on August 15, 1983, within the one-year time period for service, or on August 23, 1983, a few days after the year for service had elapsed. Following service on petitioners, each filed a motion to dismiss the complaint filed against it on the grounds that the action had abated due to respondent's failure to timely serve petitioners. As part of Air Power's motion to dismiss, it contested the claim of respondent's process server that Air Power had been served on August 15, 1983.

The motions were heard by Judge Moroney, who denied Air Power's motion to dismiss on January 9, 1984, without stating the reasons for the denial. Thereafter, Air Power filed a motion for rehearing and for clarification to determine whether the court's ruling contained a finding that Air Power had in fact been served on August 15, 1983, or whether the court had not reached this question because it had determined that the extension of time within which to serve the petitioners had been properly entered. The court denied petitioner Ayres' motion to dismiss, as well as petitioner Air Power's motion for rehearing and clarification on May 16, 1984. Both petitioners filed special actions in this court which have been consolidated by order of this court.

Denials of motions to dismiss pursuant to Rule 6(f) have frequently been the subject of special action review. *See e.g., Grobe v. McBryde,* 105 Ariz. 577, 468 P.2d 936 (1970); *Riley v. Superior Court,* 116 Ariz. 89, 567 P.2d 1218 (App.1977); *Gittner-Louviere Engineering v. Superior Court,* 115 Ariz. 409, 565 P.2d 915 (App. 1977). If special action relief is granted, the action against Ayres would be terminated, since the statute of limitations has now run. The action against Air Power is in a different posture. Depending upon the factual determination of when service was made upon Air Power, the action may or may not be terminated. There is no "equally plain, speedy, and adequate remedy by appeal." Rule 8(a), Rules of Proce-

dure for Special Actions. Hence we have accepted special action jurisdiction in both cases.

■ Turning now to the merits, Rule 6(f), Arizona Rules of Civil Procedure provides:

An action *shall abate* if the summons is not issued and served, or the service by publication commenced *within one year from the filing of the complaint.* (emphasis *added*)

Rule 6(f) is not self-executing and the trial court may, where good cause is shown, extend the time within which a defendant may be served. *Grobe v. McBryde, supra; Snow v. Steele,* 121 Ariz. 82, 588 P.2d 824 (1978); *Garcia v. Frey,* 7 Ariz.App. 601, 442 P.2d 159 (1968). However, the rule does impose a legal duty upon the plaintiff to exercise due diligence in serving a defendant within the prescribed one-year period. *Grobe v. McBryde, supra; Snow v. Steele, supra.* Before the trial court may grant an extension of time within which to serve a defendant, plaintiff must demonstrate that he has exercised due diligence in attempting to serve defendant within the one-year period. *Riley v. Superior Court, supra.*

In his motion to extend the time within which to serve petitioners, respondent's attorney merely asserted that "[t]his [m]otion is based upon the fact that defendants are out of state and service attempts are being made through out of state agencies." No reason or explanation is provided as to why service was not or could not have been accomplished within the prescribed one-year period. Clearly, respondent's motion fails to demonstrate either due diligence in attempting to accomplish service within the one-year period or good cause for an extension of time within which to serve petitioners. *See Snow v. Steele, supra; Riley v. Superior Court, supra.*

■ Respondent argues that a showing of good cause was not required since he obtained an extension for service before the year had elapsed, as opposed to failing to serve within the year and thereafter seeking additional time to accomplish ser-

vice. Rather, asserts respondent, he was required to show merely "cause" prior to obtaining an extension of time. This assertion is based upon Rule 6(b), Arizona Rules of Civil Procedure, which provides in pertinent part:

When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for *cause shown* may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made *before the expiration of the period originally prescribed* or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; . . . (emphasis added)

As pointed out by respondent, none of the Arizona cases pertaining to the issue of extension of time to accomplish service involve situations in which the request for extension was made prior to expiration of the one-year period. However, Rule 6(b) requires that extensions in general may be granted for "cause shown" regardless of whether the request is made before, or subsequent to, the period originally prescribed. Rule 6(b) further requires a showing of "excusable neglect" when the motion is made after the time period originally prescribed. Thus, unless we are to overrule prior case law requiring that good cause and due diligence be shown prior to granting an extension of time for service, whether requested before or after the one-year period has run, we must reject respondent's argument. *See, e.g., Grobe v. McBryde, supra; Riley v. Superior Court, supra; Gittner-Louviere Engineering v. Superior Court, supra.*

■ Moreover, we are not satisfied that respondent has met the Rule 6(b) standard of "cause shown" for his failure to accomplish service within the one-year period. As previously noted, no valid reason as to why service was not made within the one-year period is provided in respondent's mo-

tion for extension of time. Thus, respondent has failed to meet the Rule 6(b) requirement of showing cause for his failure to serve within the prescribed one-year period.

Respondent also asserts hypothetically that, rather than seek an extension of time to accomplish service, he could have merely dismissed his complaint pursuant to Rule 41(a), Arizona Rules of Civil Procedure, and then refiled the complaint, had summons issued, and thus had one year within which to serve petitioners. Accordingly, argues respondent, petitioners are not prejudiced by the extension and it would be unjust to grant the relief requested by petitioners.

Contrary to the federal practice, Arizona by Rule 6(f) has provided the specific time of one year from the time a complaint is filed within which jurisdiction must be acquired by service of process.[1] *Snow v. Steele, supra.* Rule 6(f) is indigenous to Arizona, whereas Rule 41(a) is derived from the Federal Rules of Civil Procedure. *Id.* The fact that respondent could have attempted to circumvent Rule 6(f) by dismissing his complaint and simply refiling does not obviate compliance with Rule 6(f). The fact that Rule 41(a) can arguably be utilized to derogate from the important policy embodied in Rule 6(f) does not mean that the effect of Rule 41 should extend to situations where it has not been invoked. In the matter presently before us, respondent chose to seek an extension under Rule 6(f). Having made this choice, he must therefore comply with the rule and the case law arising thereunder. We express no opinion with respect to the hypothetical situation posed by respondent.

Based upon the foregoing discussion and analysis, we conclude that to the extent that petitioners were not served within the prescribed one-year time period provided in Rule 6(f), the trial court's denial of both motions to dismiss was an abuse of discretion. We now consider the respective positions of petitioners.

Based upon the record, petitioner Ayres Corporation clearly was served after the one-year period for service had expired. Therefore, its motion to dismiss should have been granted. However, there remains a factual question as to the denial of petitioner Air Power's motion to dismiss. The process server in his affidavit of service of process stated that service was made on August 15, 1983, which is within the one-year period for service. However, A.S. Falconer, officer of Air Power, refuted this statement in an affidavit filed in the trial court in which he asserted that he was served on August 23, 1983, which is four days after expiration of the one-year period for service.

Respondent attempts to counter the posited factual question by stating that the trial court's denial of Air Power's motion to dismiss necessarily included a ruling against Air Power on this issue. However, it is impossible for this court to determine whether the trial court reached, much less resolved, the factual issue. In fact, it did not have to reach the factual issue in deciding that respondent was entitled to an extension of time to serve both petitioners. Thus, we must remand the action with respect to Air Power for an evidentiary hearing to expressly determine the actual date of service.

The trial court's order denying petitioner Ayres Corporation's motion to dismiss is vacated. The matter is remanded with instructions that the action be dismissed. The trial court's order denying petitioner Air Power's motion to dismiss is also vacated. The matter is remanded for an evidentiary hearing on the factual issue of when

1. Rule 4, Federal Rules of Civil Procedure, was amended effective February 26, 1983. Subsection (j) of the rule now provides:

   If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show *good cause* why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion. This subdivision shall not apply to service in a foreign country, pursuant to subdivision (i) of this rule. (emphasis added)

**496**

service of process was accomplished. Should the trial court find that Air Power was served within one year of the filing of respondent's complaint, the action shall proceed. However, should the trial court find that service was accomplished after the one-year period, the suit against Air Power shall be dismissed.

KLEINSCHMIDT, P.J., and CONTRERAS, J., concur.