## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 30 2017, 7:54 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Karen A. Wyle
Bloomington, Indiana

Paul J. Watts
Watts Law Office
Spencer, Indiana

ATTORNEYS FOR APPELLEE

Thomas B. Bays
Bradley J. Wombles
Katelyn M. Hendrickson
Norris Choplin Schroeder LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Robert Hamilton d/b/a
Hamilton Logging and
Hamilton Logging, Inc.,

*Appellants-Defendants,*

v.

Western World Insurance
Company, LLC,

*Appellee-Plaintiff.*

November 30, 2017

Court of Appeals Case No.
60A01-1703-PL-625

Appeal from the Owen Circuit
Court

The Honorable Kelsey B. Hanlon,
Judge

Trial Court Cause No.
60C02-1407-PL-314

**Mathias, Judge.**

[1] Western World Insurance Company, LLC ("Western World") filed a complaint for declaratory judgment against Robert Hamilton d/b/a/ Hamilton Logging ("Robert"), and Hamilton Logging, Inc. ("HLI") (collectively "Hamilton") in Owen Circuit Court, seeking to have the court declare that Hamilton was not covered by Western World policies at the time of an automobile accident which resulted in a third party filing suit against HLI. After the trial court granted summary judgment in favor of Western World, Hamilton filed a motion to correct error, which the trial court denied. Hamilton appeals from the denial of their motion to correct error and presents three issues, which we consolidate and restate as whether the designated evidence demonstrates the existence of genuine issues of material fact precluding the grant of summary judgment.

[2] We affirm.

## Facts and Procedural History

[3] Robert operates a logging company. The precise legal nature of the logging company is unclear, as there are references to both Robert Hamilton d/b/a Hamilton Logging, i.e., a sole proprietorship, and Hamilton Logging, Inc., a corporation. Robert, d/b/a Hamilton Logging, obtained a commercial general liability insurance policy from Western World through agent Knapp Miller Brown Insurance Services, Inc. ("Knapp"). The active policy period for Western World Policy NPP8144278 ran from March 2, 2013 through 12:01 a.m. March 2, 2014. Appellant's App. Vol. 3, p. 41.

[4] On February 10, 2014, a Knapp employee sent a letter to "Robert Hamilton DBA Hamilton Logging," with the subject line: "RE: General Liability Renewal of Policy NPP8144278 March 2, 2014." *Id*. Vol. 6, p. 13. This letter stated that the referenced policy "expires March 2nd. If you wish to renew please answer the questions below, sign the enclosed terrorism rejection form and mail back along with the annual premium of $1,004.50." *Id*. Robert's wife, Tammy Hamilton ("Tammy"), was in charge of paying bills, including the insurance bill, for Hamilton. Tammy did not immediately pay the $1,004.50 referred to in the letter. Accordingly, on March 4, 2014, a Knapp employee emailed Tammy, informing her, "Your general liability policy expired 3/2/2014, if you wish to renew coverage please sign the attached terrorism rejection form and return to our office along with the full annual payment of $1,004.50. **Please understand that you currently have no coverage,** if I do not hear from you by Friday, March 7th I will notify the company that you do not wish to renew or reinstate coverage." *Id*. pp. 14–15 (emphasis added).

[5] Tammy responded to this email at 9:11 a.m. on March 4, 2014, stating: "Mailed check yesterday :-)." At 9:20 a.m. that day, Knapp responded, "Did you mail it to our office?" Tammy replied two minutes later, "Yes." Appellant's App. Vol. 6, pp. 14–15. Tammy understood that it would take a few days for Knapp to receive the check. Western World subsequently issued Policy Number NPP8146173 to Robert Hamilton d/b/a Hamilton Logging with effective dates of March 6, 2014 through March 6, 2015.

[6]     On March 4, 2014, Timothy Pullen ("Timothy") was operating a vehicle when he was allegedly injured in an accident involving an agent of HLI. On April 16, 2014, Timothy and his wife, Tamara Pullen ("Tamara") (collectively, "the Pullens"), filed a complaint against HLI, seeking damages under cause number 60C02-1404-PL-136 ("the Pullen complaint"). Neither Robert nor HLI responded to the Pullen complaint, and on June 4, 2014, the trial court entered default judgment against HLI and in favor of the Pullens.

[7]     On July 30, 2014, Western World filed a complaint for declaratory judgment against the Pullens, Robert, and HLI, seeking a declaration that no coverage existed for Hamilton or HLI with regard to the Pullen complaint. Hamilton responded with an answer on August 25, 2014.[1] On September 12, 2016. Western World filed a motion for summary judgment. Hamilton failed to respond. On January 5, 2017, the trial court entered summary judgment in favor of Western World and noted that the judgment was final for purposes of appeal. *See* Trial Rule 56(C).[2]

[8]     Hamilton then filed a motion to correct error on February 3, 2017. Western World filed a response to the motion to correct error on February 20, 2017, and

---

[1] Hamilton also asserted third-party claims against Knapp and another insurance company, Arlington Roe Company. Knapp and Arlington Roe subsequently filed motions for summary judgment, to which Hamilton did not respond, and the trial court granted summary judgment in favor of Knapp and Arlington Roe on the third-party claims. Hamilton does not appeal these grants of summary judgment.

[2] Pursuant to Trial Rule 56(C), summary judgment upon less than all the issues involved in a claim or with respect to less than all the claims or parties "shall be interlocutory unless the court in writing expressly determines that there is no just reason for delay and in writing expressly directs entry of judgment as to less than all the issues, claims or parties."

the trial court entered an order denying the motion to correct error the following day. Hamilton now appeals.

## Summary Judgment

[9] When reviewing a grant of summary judgment, we apply the same standard as the trial court. *M.S.D. of Martinsville v. Jackson*, 9 N.E.3d 230, 235 (Ind. Ct. App. 2014) (citations and internal quotations omitted), *trans. denied*. We consider only those facts that the parties designated to the trial court to determine whether there is a genuine issue as to any material fact and whether the moving party is entitled to judgment as a matter of law. *Id*. We construe all factual inferences in favor of the non-moving party and resolve all doubts as to the existence of a material issue against the moving party. *Id*. The moving party bears the burden of making a *prima facie* showing that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Id*. Once the movant makes this *prima facie* showing, the burden shifts to the non-moving party to designate and produce evidence of facts showing the existence of a genuine issue of material fact. *Id*. Still, the party appealing a summary judgment decision bears the burden of persuading this court that the grant or denial of summary judgment was erroneous. *Id*. Where the facts are undisputed and the issue presented is a pure question of law, we review the matter *de novo*. *Id*.

[10] Here, Western World moved for summary judgment and designated evidence to the trial court. Hamilton, however, did not respond. That is, Hamilton did

not file a cross-motion for summary judgment, did not file a brief in opposition to summary judgment, and did not designate any evidence to demonstrate that there was any genuine issue of material fact. This, of course, did not entitle Western World to summary judgment by default. *Larson v. Karagan*, 979 N.E.2d 655, 659 (Ind. Ct. App. 2012) (noting that a trial court is not required to grant an unopposed motion for summary judgment) (citing *Murphy v. Curtis*, 930 N.E.2d 1228, 1233 (Ind. Ct. App. 2010)). Although a party, such as Hamilton, who does not respond to a motion for summary judgment is limited to the facts established by the movant's designated evidence, the party's failure to respond does not preclude argument of the relevant law on appeal. *Id.* (citing *Murphy*, 930 N.E.2d at 1234). With this in mind, we address Hamilton's arguments.

## Discussion and Decision

[11] Hamilton argues that there were several genuine issues of material fact precluding the grant of summary judgment in favor of Western World. We address each of Hamilton's claimed issues of fact in turn.

### A. Date of the Accident

[12] Hamilton first claims that there is a genuine issue of material fact with regard to the date of the accident involving Pullen. In moving for summary judgment, Western World designated as evidence Pullen's complaint against HLI, which alleged that the accident occurred "on or about the 4th of March, 2014." Appellant's App. Vol. 6, p. 7. Also designated by Western World was the default judgment entered against HLI in the Pullen action.

[13] Western World's designated evidence shows that Policy NPP8144278 ran through March 2, 2014 and that Policy NPP8146173 went into effect March 6, 2014. Hamilton argues that Pullen's complaint and the default judgment entered thereon establish that the accident occurred sometime around March 4, 2014, "leav[ing] open the possibility that the accident took place" on a date when one of the two policies was in effect. Appellant's Br. at 15. We disagree.

[14] It has long been held that "[t]he common understanding of the words, 'on or about,' when used in connection with a definite point of time, is, that they do not put the time at large, but indicate that it is stated with approximate certainty." *Parker v. State*, 63 Ind. App. 671, 113 N.E. 763, 764 (1916) (citing *Rinker v. United States*, 151 F. 755, 757 (8th Cir. 1907)); *see also Stephen v. State*, 207 Ind. 388, 389, 193 N.E. 375, 376 (1934) (citing *Rinker*). Here, the designated evidence shows that the Pullen accident occurred "on or about" March 4, 2014. This is sufficient to establish *prima facie* that the accident occurred on March 4, 2014, and not prior to March 2, 2014 or after March 6, 2014, when the Western World policies were in effect. *See Gittner-Louviere Eng'g v. Superior Ct. of Pinal Cty.*, 565 P.2d 915, 918 (Ariz. Ct. App. 1977) (holding that where designated evidence indicating that cause of action accrued "on or about July 15, 1974," the date was not a material issue of fact that would render summary judgment improper).

[15] Once Western World met its burden of establishing *prima facie* the date of the Pullen accident, the burden then shifted to Hamilton to designate evidence to demonstrate a genuine issue of material fact with regard to the date of the

accident. But Hamilton failed to respond to Western World's motion for summary judgment. We therefore conclude that Hamilton has not demonstrated a genuine issue of material fact with regard to the date of the Pullen accident.

*B. Reinstated or Renewed Coverage*

[16] Hamilton also claims that the evidence designated by Western World demonstrates the existence of a genuine issue of material fact with regard to whether Tammy's action of mailing a check to Knapp, Hamilton's insurance agent, was sufficient to renew or reinstate Hamilton's insurance coverage.

[17] When Western World filed its complaint, it attached as an exhibit thereto copies of the policies it had issued to Hamilton. In its designation of evidence, Western World designated its complaint,[3] which alleged that the first policy was active from March 2, 2013 to March 2, 2014, and the second policy was active from March 6, 2014 to March 6, 2015. Appellant's App. Vol. 2, p. 16. Hamilton's answer, which was designated as evidence, admitted to the truth of these allegations. *Id*. Vol. 4, p. 46. Western World also quoted in its complaint

---

[3] Much of Hamilton's argument on this and other issues is based upon its position that Western World did not properly designate the insurance policies as evidence in support of its motion for summary judgment. Western World attached to its complaint the policies at issue. It then designated as evidence in support of its motion for summary judgment the "Complaint for Declaratory Judgment filed in this cause and the Exhibits attached thereto, attached as Exhibit A." Appellant's App. Vol. 5, p. 13. Exhibit A to Western World's designation of evidence contains only the original complaint, and not the policies attached to the exhibits. Hamilton therefore argues that the policies were not properly designated. We disagree. The policies were attached to the complaint, and Western World designated the complaint and the exhibits attached thereto as evidence in support of its summary judgment motion. Thus, the policies were already in the trial court's record, and Western World's decision not to submit to the trial court additional copies of the policies in their entirety does not mean that the policies were not designated as evidence for purposes of summary judgment.

the active date provisions of the policies it issued to Hamilton. These quoted portions show that the first policy was active from March 2, 2013 to March 2, 2014 and the second policy from March 6, 2014 to March 6, 2015. *Id*. Vol. 2, pp. 16–18. And Hamilton's answer also admitted to the truth of the paragraphs of the complaint containing these portions of the insurance policies.

[18] An admission in a pleading is a judicial admission and is conclusive on the party making it. *Lee v. Hamilton*, 841 N.E.2d 223, 228–29 (Ind. Ct. App. 2006) (citing *Waugh v. Kelley*, 555 N.E.2d 857, 859 (Ind. Ct. App. 1990)). There is no indication that Hamilton ever attempted to, or that the trial court ever permitted, Hamilton to withdraw or amend its answer containing the admissions. Thus, for purposes of this case, the active dates of the policies have been conclusively established.

[19] Nevertheless, Hamilton claims that the portions of the policy designated by Western World do not "address what actions were necessary to renew or reinstate the earlier policy or to trigger coverage under the later policy." Appellant's Br. at 16. Thus, Hamilton argues that this leaves open the possibility that Tammy's action of mailing a check to Knapp on March 3, 2014 sufficed to "renew" the earlier policy, or to in some other way "reinstate" coverage on March 3, 2014 or March 4, 2014. Hamilton claims that this is a factual issue that precludes summary judgment. However, as noted above, Hamilton *admitted* to the active dates of the policies, and cannot now claim to the contrary.

[20] At the very least, Western World's designated evidence established *prima facie* that there was a three-day gap between the end of the first policy period and the beginning of the second policy period, i.e. March 3–5, 2014. And, even if Hamilton had not admitted to the effective dates of the policies, it designated no evidence that would create a genuine issue of material fact with regard to the policy dates.

*C. Identity of Insured Parties*

[21] Hamilton also argues that Western World's designated evidence demonstrates the existence of a genuine issue of material fact with regard to the identity of the insured under the policies. Specifically, Hamilton claims that there is a question as to whether HLI, the business through which Robert Hamilton operated his logging business, was a covered entity under the policies. We disagree.

[22] First, the designated evidence established *prima facie* that the Pullen accident occurred during the three-day gap in coverage. Thus, it matters not *who* was an insured under the policies, as the accident did not occur during the active policy periods. Even if this were not the case, the language of the policies clearly establishes that the named insured is "Robert Hamilton DBA Hamilton Logging." Appellee's App. pp. 16–17, 46–47. HLI is not listed as an additional

insured party.[4] And the Pullen complaint names HLI as a defendant, not Robert Hamilton d/b/a Hamilton Logging.[5]

*D. Affirmative Defenses*

Hamilton next argues that the evidence designated by Western World establishes a genuine issue of material fact with regard to Hamilton's affirmative defenses of waiver and estoppel. *See* Ind. Trial Rule 8(C) (listing waiver and estoppel among list of affirmative defenses).

"In summary judgment proceedings, as at trial, the burden of establishing the existence of material affirmative defenses is on the defendant." *Paint Shuttle, Inc. v. Cont'l Cas. Co.*, 733 N.E.2d 513, 519 (Ind. Ct. App. 2000) (citing *Celina Mut. Ins. Co. v. Forister*, 438 N.E.2d 1007, 1009 (Ind. Ct. App. 1982), *trans. denied*). In order to meet this burden, a defendant must show that a genuine issue of material fact exists as to each element of the asserted affirmative defense. *Id.* (citing *Schrader v. Mississinewa Cmty. Sch. Corp.*, 521 N.E.2d 949, 952–53 (Ind. Ct. App. 1988)). On appeal, "we will affirm a grant of summary judgment if the defendant, in opposition to the plaintiff's summary judgment motion, failed to designate any evidence from which the trial court could infer the elements of

[4] "The Nature Conservancy" is named as an additional insured in the policies, but this entity was not named as a defendant in the Pullen action.

[5] Hamilton's argument on this issue is based on the erroneous belief that the policies were not properly designated as evidence in support of Western World's motion for summary judgment and that we therefore do not know the identity of the named insureds. However, we have rejected this argument. *See* note 1, *supra*.

the asserted affirmative defense." *Id.* (citing *Huff v. Langman*, 646 N.E.2d 730, 732 (Ind. Ct. App. 1995)).

[25] Here, Hamilton failed to designate any evidence in support of its affirmative defenses. Accordingly, the affirmative defenses have been waived, and the trial court did not err in determining that there were no genuine issues of material fact with regard to Hamilton's affirmative defenses. *See Abbott v. Bates*, 670 N.E.2d 916, 920 (Ind. Ct. App. 1996) (defendant waived affirmative defenses raised in her responsive pleading when she failed to designate any evidence in opposition to plaintiff's motion for summary judgment).[6]

## Conclusion

[26] Contrary to Hamilton's claims, the trial court properly concluded that there are no genuine issues of material fact with regard to the date of the Pullen accident, the active coverage periods of the insurance policies, the identity of the named insured, or Hamilton's affirmative defenses. Accordingly, the trial court properly entered summary judgment in favor of Western World.[7]

---

[6] Hamilton claims that Western World's own designated evidence demonstrates a genuine issue of material fact with regard to the issue of waiver. Hamilton refers to Knapp's email to Hamilton stating that, if Knapp did not hear from Hamilton by March 7, Knapp would notify Western World that Hamilton "d[id] not wish to renew or reinstate coverage." Appellant's App. Vol. 6, p. 15. Hamilton claims that this email "raises substantial questions of material fact concerning what effect such renewal or reinstatement would have on the coverage period." Appellant's Br. at 19. We fail to see how this email creates a triable fact regarding estoppel or waiver. Giving Hamilton a deadline to renew coverage does not mean that Hamilton was covered after the expiration of the initial policy. Indeed, the Knapp email explicitly informed Hamilton that "you currently have no coverage." Appellant's App. Vol. 6, p. 15.

[7] Hamilton also claims that Western World should not be permitted to argue that Hamilton failed to properly notify Western World of the Pullen accident, noting that Western World did not include this claim in its

Affirmed.

Vaidik, C.J., and Crone, J., concur.

---

complaint for declaratory judgment. Because we have affirmed the trial court's judgement on other grounds, we need not address this issue.