930 P.2d 1001

**POSTAL INSTANT PRESS, INC., a Delaware Corporation, Plaintiff/Judgment Creditor–Appellee,**

v.

**CORRAL RESTAURANTS, INC., Garnishee/Appellant.**

**No. CV–96–0250–PR.**

Supreme Court of Arizona.

Jan. 21, 1997.

Ayers & Brown, P.C. by Thomas G. Luikens, Phoenix, for Garnishee/Appellant.

Gallagher & Kennedy, P.A. by Joseph E. Cotterman, Phoenix, for Plaintiff/Judgment Creditor-Appellee.

### SUPPLEMENTAL OPINION

JONES, Vice Chief Justice.

Appellee Postal Instant Press, Inc. (PIP) filed a motion to reconsider the court's decision, and, at the request of the Court, appellant Corral Restaurants, Inc. (CRI) filed a response. The parties have also submitted a stipulated motion for procedural order to allow PIP to file a reply in support of its motion to reconsider.

The full court has considered the arguments in PIP's motion and has revisited the requirements for completed service under A.R.S. § 12–1598.13(H) and the relevant rules of civil procedure. The issue turns on the fact that PIP chose to seek judgment against a defaulting garnishee by obtaining an Order to Show Cause, service of which on CRI was expressly ordered by the trial court. It is clear from reading PIP's application to the trial court that PIP requested an order to show cause, that the order was substantively drafted and submitted to the trial court as an order to show cause, that the order was intended to function as an order to show cause, and that the trial court understood PIP's request as seeking issuance of an order to show cause. None of the relevant documents can be read or understood any other way.

On the facts, we conclude once again that service of the order was, of necessity, governed by Rule 6(d), Arizona Rules of Civil Procedure. Rule 6(d) expressly directs

the responsible party to serve orders to show cause in accordance with the specific requirements for personal service under Civil Rules 4, 4.1, or 4.2. Accordingly, PIP chose alternative service by first class mail under Rule 4.1(c). Having made the choice, PIP was bound to comply with the rule. Contrary to the suggestion in PIP's motion to reconsider, the use of mail is not the fact which posed PIP's problem and did not raise the issue presented to us. First class mail is a legitimate vehicle for alternative personal service of process. When a party uses the mail, however, service must be completed by the serving party in accordance with the rule, including receipt and filing of the acknowledgment signed under oath or affirmation by the person served. PIP failed to accomplish this final step, and having thus failed, service on CRI was incomplete.

We clarify our Opinion by pointing out that our use of the term "jurisdiction" on the matter of entry of the judgment was not a reference to jurisdiction of the subject matter or to personal jurisdiction over the garnishee-defendant, CRI. It was a reference to the court's authority to enter the judgment without completed service of the order. *See In re Adoption of Hadtrath,* 121 Ariz. 606, 608–09, 592 P.2d 1262, 1264–65 (1979); *accord Martin v. Martin,* 182 Ariz. 11, 15, 893 P.2d 11, 15 (App.1994), *review denied* (1995). The incomplete service left the trial court without jurisdiction, i.e., without authority to enter the judgment.

The court has considered the motion, the response thereto, and the stipulated motion for procedural order permitting PIP to submit a reply in support of its motion to reconsider.

The purpose underlying PIP's proposed reply is fully addressed herein. The stipulated motion and the motion to reconsider are denied.

CRI has requested attorneys' fees in connection with its response to the motion to reconsider. Unfortunately, CRI's response contains various pejoratives directed as personal attacks on PIP's counsel—words such as "lame," "chutzpa," "inexcusable gall," etc. In this regard, we point out that PIP's motion was not entirely without merit, and the court found the arguments to be well stated by able counsel. The issue was carefully considered. We simply believe that the holding, enunciated in our Opinion and in this Supplemental Opinion, is consistent with the mandate of the statute and Civil Rules 6(d) and 4.1(c). Negative references to counsel on a personal level are meaningless and in poor taste, and serve no purpose in the disposition of this or any other case.

CRI's request for attorneys' fees is denied.

ZLAKET, C.J., and FELDMAN, MOELLER and MARTONE, JJ., concur.