NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

RODNEY J. QUIGLEY, *Plaintiff/Appellant,*

*v.*

ARIZONA DEPARTMENT OF TRANSPORTATION, *Defendant/Appellee.*

No. 1 CA-CV 14-0343
FILED 4-16-2015

Appeal from the Superior Court in Maricopa County
No. LC2013-000600-001
The Honorable Lisa Daniel Flores, Judge

**AFFIRMED**

COUNSEL

Rodney J. Quigley, Glendale
*Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Stephanie A. Lillie
*Counsel for Defendant/Appellee*

**MEMORANDUM DECISION**

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Jon W. Thompson joined.

**P O R T L E Y**, Judge:

**¶1**	Rodney Quigley appeals the dismissal of his lawsuit against Arizona Department of Transportation ("ADOT"). Because we find that Quigley did not complete service on ADOT, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**	Quigley was ordered by ADOT to attend traffic school because he had been convicted of a driving offense in Michigan that could have resulted in his Arizona license being suspended or revoked pursuant to Arizona Revised Statutes ("A.R.S.") section 28-3306(A)(7).[1] He filed a complaint for special action relief against the State and ADOT seeking a declaration that the statute was unconstitutional and requesting that the State be permanently enjoined from enforcing it. He had Donald Hatfield, an individual, serve the Arizona Attorney General and the ADOT director.

**¶3**	When an answer was not timely filed, Quigley filed an application and affidavit for entry of default. In response, ADOT filed a motion to dismiss arguing that Quigley failed to properly serve ADOT and failed to exhaust his administrative remedies because he requested an administrative hearing after ADOT ordered him to attend traffic school pursuant to A.R.S. § 28-3306(A)(7). The superior court granted the motion, and Quigley appealed the resulting judgment. We have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶4**	Quigley argues that the superior court erred by dismissing his complaint under Arizona Rule of Civil Procedure ("Rule") 12(b)(5) because the issues with service of process were a trivial technical flaw that resulted in harmless error. We disagree.

**¶5**	Rule 12(b)(5) governs if there is insufficiency of service of process of the summons and complaint. *See Snow v. Steele,* 121 Ariz. 82, 86, 588 P.2d 824, 828 (1978). Although the parties disagree about our standard for reviewing the ruling, we need not resolve the issue because we can uphold the Rule 12(b)(5) dismissal under either standard. *See Snow,* 121 Ariz. at 84, 588 P.2d at 826 (holding that "the trial court did not abuse its discretion in granting the defendants' . . . [Rule 6(f)] motion to dismiss"); *Toy v. Katz,* 192 Ariz. 73, 83, 961 P.2d 1021, 1031 (App. 1997) (stating that the standard of review for a denial of a motion to dismiss for insufficiency of

---

[1] We cite to the current version of the statute unless otherwise noted.

process is abuse of discretion); *Townsel v. Contra Costa County*, 820 F.2d 319, 320 (9th Cir. 1987) (stating that the standard of review for a dismissal of insufficiency of process under Rule 4 is abuse of discretion); *but see Prewitt Enterprises, Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 920 (11th Cir. 2003) (stating that, "[w]e review the district court's grant of a motion to dismiss for insufficient service of process under [Federal Rule of Civil Procedure] 12(b)(5) by applying a *de novo* standard to the law and a clear error standard to any findings of fact"); *Marshall v. Warwick*, 155 F.3d 1027, 1030 (8th Cir. 1998) (stating that, "[i]n reviewing an order to dismiss for insufficient service of process, we review de novo the determination that service of process was insufficient and we review for abuse of discretion the decision to dismiss the complaint"). We review the court's interpretation of statutes and rules de novo. *Schwartz v. Ariz. Primary Care Physicians*, 192 Ariz. 290, 294, ¶ 13, 964 P.2d 491, 495 (App. 1998).

**¶6** Service of process is required to provide parties with adequate notice of the claims against them. *Safeway Stores, Inc. v. Ramirez*, 99 Ariz. 372, 380, 409 P.2d 292, 297 (1965). Rule 4(d) provides, "[s]ervice of process shall be by a sheriff, a sheriff's deputy, a constable, a constable's deputy, a private process server certified pursuant to the Arizona Code of Judicial Administration § 7-204 . . . or any other person specially appointed by the court[.]"

**¶7** Donald Hatfield submitted an affidavit stating that he served Tom Horne, the Attorney General, and John S. Halikowski, the ADOT Director by handing the paperwork to a "person apparently in charge" of those offices on November 22, 2013. There is no indication in the affidavit that Mr. Hatfield is a certified process server or otherwise qualified to serve process. His affidavit does not contain a certified private process server number or any indication that the court specially appointed him to serve process. And Quigley did not otherwise demonstrate that Hatfield was a certified process server.

**¶8** Moreover, Hatfield's attempted service failed to comply with Rule 4.1(h) (2013). The Rule provides that a party must serve the State by serving the Attorney General. *Id.* Because Hatfield only handed copies of the summons and complaint to the "person apparently in charge of the Attorney General's office" and to "to the person apparently in charge of the [ADOT] Director's office on the fourth floor of ADOT's headquarters," the service of process was ineffectual because Quigley never served the Attorney General.

¶9 Because the service of process was improper, the court did not have jurisdiction over the defendants or the authority to enter a judgment against them. *See Postal Instant Press, Inc. v. Corral Restaurants, Inc.*, 187 Ariz. 487, 488, 930 P.2d 1001, 1002 (1997) ("The incomplete service left the trial court without jurisdiction, i.e., without authority to enter the judgment."). As a result, the trial court properly granted the motion to dismiss.[2]

¶10 Quigley also argues that the judge should have recused herself *sua sponte* because she served as an advocate for the State. Judges are presumed to be impartial. *See State v. Smith*, 203 Ariz. 75, 79, ¶ 13, 50 P.3d 825, 829 (2002). Moreover, Quigley did not use a peremptory challenge to remove the judge under Rule 42(f)(1)(A), ask the judge to recuse herself, or challenge her for cause under Rule 42(f)(2). And we will not consider arguments raised for the first time on appeal, when that argument could have been raised and decided by the trial court. *See Fendler v. Phoenix Newspapers, Inc.*, 130 Ariz. 475, 481, 636 P.2d 1257, 1263 (App. 1981) (stating that "[t]he right to apply for a change of judge for cause is waived if not timely filed").

## CONCLUSION

¶11 For the foregoing reasons, we affirm the dismissal.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

---

[2] Because of our resolution, we need not address Quigley's argument that the court erred by finding that he failed to exhaust administrative remedies.