**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MENA BISHARA, | No. 12-17611 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-01905-JAT |
| v. | |
| U.S. BANK HOME MORTGAGE, a corporation; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted June 22, 2015[**]

Before:      HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Mena Bishara appeals pro se from the district court's judgment dismissing

his action relating to mortgage and foreclosure proceedings.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo the district court's dismissal for

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

failure to state a claim. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). We may affirm on any basis supported by the record. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1121 (9th Cir. 2013). We affirm.

We affirm the dismissal of Bishara's claims for unjust enrichment, fraudulent reconveyance, and breach of the duty of good faith and fair dealing set forth in his First Amended Complaint because Bishara "abandoned [these] claim[s] before the district court." *Hollinger v. Titan Capital Corp.*, 914 F.2d 1564, 1578 (9th Cir. 1990) (en banc).

The district court denied Bishara leave to amend to add claims for damages and quiet title under Ariz. Rev. Stat. § 33-420(A) and (B) because it concluded that the claims were time-barred. However, the district court did not have the benefit of this court's decision in *In re Mortgage Electronic Registration Systems, Inc.*, 754 F.3d 772, 782 (9th Cir. 2014). *See id.* ("[D]amages claims under § 33-420(A) are subject to a four-year statute of limitations[,]" and claims under § 33-420(B) "assert[] a continuous wrong that is not subject to any statute of limitations as long as the cloud to title remains."). We nonetheless conclude that the district court did not abuse its discretion when it denied leave to amend because "amendment would be futile." *Cervantes*, 656 F.3d at 1041 (standard of review). Bishara admits

entering into a loan agreement with U.S. Bank for the same real property where he currently resides and, thus, cannot plausibly state a claim for fraudulent recording. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief).

We do not consider the district court's orders denying Bishara's motion for reconsideration or the judgment awarding costs because Bishara did not make any arguments regarding these orders in his opening brief. *See Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992).

Appellees' "Motion for Ruling on Fully Briefed Appeal," filed on May 13, 2015, is denied as moot.

Bishara's "Motion to Stay Foreclosure Sale," filed on May 28, 2015, is denied.

**AFFIRMED.**