NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

MENA BISHARA, et al., *Plaintiffs/Appellants*,

*v.*

US BANK NATIONAL ASSOCIATION, et al., *Defendants/Appellees*.

No. 1 CA-CV 16-0176
FILED 8-15-2017

Appeal from the Superior Court in Maricopa County
No. CV2015-054088
The Honorable Susan M. Brnovich, Judge

**AFFIRMED**

COUNSEL

Mena Bishara and Aida Aziz, Scottsdale
*Plaintiffs/Appellants*

Chernoff Law Firm, PLLC, Scottsdale
By Mark D. Chernoff, Patricia A. Premeau
*Counsel for Defendant/Appellee US Bank*

Tiffany & Bosco, P.A.
By Leonard J. McDonald
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Vice Chief Judge Peter B. Swann and Judge Patricia A. Orozco[1] joined.

---

**H O W E**, Judge:

**¶1** Mena Bishara and Aida Aziz (collectively, "Appellants") challenge the trial court's dismissal of their complaint on claim preclusion grounds. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2** Bishara entered into a loan agreement with US Bank National Association ("US Bank") in April 2008 to finance the purchase of a home. US Bank recorded a deed of trust on the property that same month. Bishara defaulted on the loan, however, and in May 2010, US Bank noticed a trustee's sale.

**¶3** Bishara sued US Bank in May 2011 seeking to halt the trustee's sale (the "First Lawsuit"). Bishara later amended his complaint to allege that his signature on the recorded deed of trust had been forged. He sought an order staying any sale of the property, requiring the return of all past payments on the loan, and ordering payment for significant emotional and punitive damages.

**¶4** US Bank removed the case to federal district court and subsequently moved to dismiss Bishara's amended complaint on several grounds. Bishara opposed the motion and separately moved for leave to amend his complaint again. His proposed second amended complaint asserted a quiet title claim, sought damages for the fraudulent recording of the allegedly forged deed of trust pursuant to A.R.S. § 33–420(A), and alleged intentional infliction of emotional distress.

**¶5** The federal district court dismissed Bishara's amended complaint with prejudice, finding that his claims arose from the alleged

---

[1] Pursuant to Article VI, Section 3 of the Arizona Constitution, the Arizona Supreme Court has designated the Honorable Patricia A. Orozco, Retired Judge of the Court of Appeals, to sit in this matter.

forgery but that he had "failed to connect th[e] alleged forgery to the relief he is seeking." The district court also denied Bishara's motion for leave to amend, finding that Bishara's quiet title and A.R.S. § 33–420 claims were time-barred and that he had failed to allege any extreme or outrageous conduct necessary to support his intentional infliction of emotional distress claim.

¶6 Bishara appealed the district court's ruling to the Ninth Circuit Court of Appeals. *See Bishara v. U.S. Bank Home Mortg.*, 608 Fed. Appx. 484 (9th Cir. 2015) (mem. decision). The Ninth Circuit affirmed, finding that Bishara's proposed second amended complaint was futile because he had "admit[ted] entering into a loan agreement . . . for the same real property where he currently resides and, thus, cannot possibly state a claim for fraudulent recording." *Id.*

¶7 Shortly after the Ninth Circuit's 2015 ruling, Bishara quitclaimed the security property to his mother Aziz, who then filed for bankruptcy. Bishara and Aziz then filed a new lawsuit against US Bank and the trustees involved in the trustee's sale. Their complaint largely mirrored Bishara's proposed second amended complaint from the First Lawsuit; they again sought quiet title to the property, damages under A.R.S. § 33–420(A) for the alleged fraudulent recording of a false deed, and damages for intentional infliction of emotional distress.

¶8 US Bank moved to dismiss the complaint pursuant to Arizona Rule of Civil Procedure ("Rule") 12(b)(6) for failing to state a claim for which relief could be granted, alleging that the claims were barred by both claim preclusion and issue preclusion. In its motion, US Bank also requested its attorneys' fees pursuant to A.R.S. § 12–341.01 and A.R.S. § 12–349. The trustee defendants separately moved to dismiss the complaint under Rule 12(b)(5) for insufficient service of process. Upon receiving the trustee's motion, the trial court allowed Appellants an opportunity to amend their service affidavit or hire a registered process server to re-serve the trustee defendants. The trial court then dismissed the claims against US Bank, finding that they were "all handled in federal court." In its order, the trial court granted US Bank's request for attorneys' fees.

¶9 US Bank subsequently filed its statement of costs and requisite affidavit and itemized billing statements. The court then entered final judgment "as to all defendants, all claims, in its entirety." In doing so, the trial court also awarded US Bank $9,287.30 in attorneys' fees and $273 in costs. Bishara and Aziz timely appealed.

**DISCUSSION**

**¶10**       Appellants argue that the trial court improperly dismissed their complaint. We review the dismissal of a complaint under Rule 12(b)(6) de novo. *Coleman v. City of Mesa*, 230 Ariz. 352, 355 ¶ 7 (2012). We accept all well-pleaded facts as true and give Appellants the benefit of all inferences arising therefrom. *Botma v. Huser*, 202 Ariz. 14, 15 ¶ 2 (App. 2002). We will affirm the dismissal only if Appellants would not have been entitled to relief under any facts susceptible of proof in their complaint. *Coleman*, 230 Ariz. at 356 ¶ 8. Because Appellants are not entitled to relief under any facts they could prove, the trial court did not err by dismissing Appellants' complaint.

### 1. Claim Preclusion

**¶11**       Appellants argue first that the trial court erred by dismissing their complaint for claim preclusion because that doctrine does not apply. We review the trial court's application of claim preclusion de novo. *A. Miner Contracting, Inc. v. Toho-Tolani Cty. Imp. Dist.*, 233 Ariz. 249, 253 ¶ 11 (App. 2013). The court did not erroneously apply claim preclusion here.

**¶12**       Under claim preclusion, a judgment on the merits in a prior suit involving the same parties or their privies bars a second suit based on the same causes of action. *Stearns v. Ariz. Dep't of Revenue*, 231 Ariz. 172, 177 ¶ 25 (App. 2012). Claim preclusion bars litigation not only of those facts that were actually litigated but also those facts which might have been raised in the earlier suit. *Id.* To establish a claim preclusion defense, a moving party must show (1) an identity of claims in the suit in which a judgment was entered and the current litigation, (2) a final judgment on the merits in the previous litigation, and (3) identity or privity between parties in the two suits. *In re Gen. Adjudication of All Rights to Use Water in Gila River Sys. & Source*, 212 Ariz. 64, 69–70 ¶ 14 (2006).

### 1a. Identity of Claims

**¶13**       Appellants first challenge the identity of claims element. Arizona follows the "same evidence" test; identity of claims is present if no additional evidence would be needed to prevail in the second action than in the first. *Pettit v. Pettit*, 218 Ariz. 529, 532 ¶ 8 (App. 2008); *Phx. Newspapers, Inc. v. Dep't of Corr.*, 188 Ariz. 237, 241–42 (App. 1997).

**¶14**       Appellants do not show that their current claims would have required any additional or different evidence than that needed to prove the

claims that Bishara alleged in his proposed second amended complaint. Indeed, the two complaints state the same causes of action supported by essentially the same factual allegations. Thus, sufficient identity of claims exists for claim preclusion purposes.

### 1b. Final Judgment on the Merits

**¶15**        We look to federal law to determine the preclusive effect of a federal district court judgment. *Howell v. Hodap*, 221 Ariz. 543, 546 ¶ 17 (App. 2009). Generally, a ruling denying leave to amend triggers claim preclusion under federal law. *See, e.g.*, *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 989 (9th Cir. 2005); *EFCO Corp. v. U.W. Marx, Inc.*, 124 F.3d 394, 399–400 (2d Cir. 1997). But Appellants contend that the Ninth Circuit stripped the district court's judgment of any preclusive effect because, they argue, the court found that "the cloud of title is perpetual, [and the] US Bank foreclosure request is moot." Appellants have misread the Ninth Circuit's ruling. The circuit court affirmed the district court's ruling denying leave to amend and specifically found that Bishara's A.R.S. § 33–420 and quiet title claims were futile. *Bishara*, 608 Fed. Appx. at 484. The second claim preclusion element therefore is satisfied. *See Prof'l Mgmt. Assocs., Inc. v. KPMG LLP*, 345 F.3d 1030, 1032 (8th Cir. 2003) (stating that under federal law "denial of leave to amend constitutes res judicata on the merits of the claims which were the subject of the proposed amended pleading . . . even when denial of leave to amend is based on reasons other than the merits, such as timeliness").

### 1c. Identity of Parties

**¶16**        Appellants also challenge the identity of parties element by pointing out that Aziz was not a party in the earlier case. But claim preclusion applies to those who acquire an interest in the subject matter affected by the earlier judgment through or under one of the parties after judgment is entered. *Hall v. Lalli*, 191 Ariz. 104, 106 (App. 1997). Bishara quitclaimed the property to Aziz in 2015, after the district court entered judgment.[2] The parties are therefore the same. Because all three claim

---

[2]        Appellants contend for the first time on appeal that Bishara deeded some portion of the property to Aziz in 2009. They offer no evidence to support this contention. Moreover, issues raised for the first time on appeal are waived. *Barkhurst v. Kingsmen of Route 66, Inc.*, 234 Ariz. 470, 476 ¶ 22 (App. 2014).

preclusion elements are met, the trial court did not err by dismissing Appellants' complaint.

## 2. Claims Against Trustee Defendants

**¶17**       Appellants also challenge the dismissal of their claims against the trustee defendants on the merits. The trial court did not dismiss these claims on their merits but rather for insufficient service of process, having first given Appellants an opportunity to file an amended service affidavit or retain a registered process server to re-serve the trustee defendants.

**¶18**       The record lacks any evidence to suggest Appellants did either of these things. We therefore do not reach Appellants' contentions. *See Postal Instant Press, Inc. v. Corral Rests., Inc.*, 187 Ariz. 487, 488 (1997) (stating that incomplete service deprives the trial court of jurisdiction).

## 3. Attorneys' Fees in the Trial Court

**¶19**       Appellants appeal finally the trial court's granting of US Bank's attorneys' fees. We review the reasonableness of an award of attorneys' fees for an abuse of discretion. *ABC Supply, Inc. v. Edwards*, 191 Ariz. 48, 52 (App. 1996). We will not disturb the trial court's award if any reasonable basis supports the amount of attorneys' fees awarded. *Id.* The court here did not err.

**¶20**       Appellants argue that the trial court erred by granting fees generally under A.R.S. § 12–1103(B). However, US Bank requested, and the trial court granted, US Bank's attorneys' fees pursuant to A.R.S. § 12–341.01, not A.R.S. § 12–1103(B). Appellants' substantive arguments under the latter are therefore irrelevant. Appellants also argue generally that the court erred by granting US Bank over $9,000 in attorneys' fees because that amount represents an "unrealistic" number of hours "to write and file [its] motion to dismiss." But a party does not meet its burden of demonstrating unreasonableness of attorneys' fees by stating simply "that the hours claimed are excessive and the rates submitted too high." *Nolan v. Starlight Pines Homeowners Ass'n*, 216 Ariz. 482, 491 ¶ 38 (App. 2007). Thus, no error occurred.

## 4. Attorneys' Fees and Costs on Appeal

**¶21**       US Bank requests attorneys' fees and costs incurred on appeal under the note and deed of trust, A.R.S. §§ 12–341, –341.01(A), and –349. Generally, we enforce a contractual attorneys' fees provision according to its terms. *Berry v. 352 E. Virginia, L.L.C.*, 228 Ariz. 9, 13 ¶ 17 (App. 2011). We

retain discretion, however, to limit the award to a reasonable amount. *McDowell Mountain Ranch Cmty. Ass'n v. Simons*, 216 Ariz. 266, 270 ¶ 16 (App. 2007). We therefore will award US Bank reasonable attorneys' fees and costs incurred in this appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21. US Bank also requests that this Court order sanctions pursuant to Arizona Rule of Civil Appellate Procedure 25. We decline to award sanctions under either that rule or A.R.S. § 12–349.

## CONCLUSION

**¶22**        For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:  AA