NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

MICHAEL A. MELENDEZ, *Plaintiff/Appellant,*

*v.*

VICTORIA MELANCON, *Defendant/Appellee.*

No. 1 CA-CV 21-0145
FILED 2-24-2022

Appeal from the Superior Court in Coconino County
No. S0300CV201900473
The Honorable Ted S. Reed, Judge

**AFFIRMED**

COUNSEL

Pangerl Law Firm, PLLC, Phoenix
By Regina M. Pangerl
*Counsel for Plaintiff/Appellant*

Doran Justice, PLLC, Phoenix
By Tyler H. Schwenke
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

---

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in which Judge Peter B. Swann and Judge D. Steven Williams joined.

---

**B A I L E Y**, Judge:

¶1        Michael A. Melendez ("Michael") appeals the superior court's order setting aside a default judgment he obtained against Victoria Melancon ("Victoria"). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Michael sued Victoria in September 2019, alleging Victoria had taken money from his checking account. Michael filed an affidavit of service in December 2019, stating that he had served Victoria by publication after attempting to contact her "via [F]acebook, phone, email, and [P].[O]. Box" and attempting to locate her "using Google and virtual [Y]ellow [P]ages." He completed service by publication on December 5, 2019. Victoria did not appear or answer the complaint.

¶3        Michael moved for entry of default judgment in late January 2020. The court entered default judgment on February 28, 2020. Michael later assigned the judgment to Sharol Harris ("Sharol"), who began collection efforts in August 2020.

¶4        Victoria appeared in the case on September 11, 2020, shortly after Sharol served a writ of garnishment on her employer. Three months later, Victoria moved to set aside the default judgment, alleging "improper service, mistake, and excusable neglect." Sharol assigned the judgment back to Michael, who opposed Victoria's motion.

¶5        The superior court set aside the default judgment without explanation. Michael timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(2). *See Ruffino v. Lokosky*, 245 Ariz. 165, 168, ¶ 7 (App. 2018).

## DISCUSSION

¶6        The court may relieve a party from a final judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)(1);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason justifying relief.

Ariz. R. Civ. P. ("Rule") 60(b). "The law favors resolution on the merits, and therefore if the trial court has doubt about whether to vacate a default judgment, it should rule in favor of the moving party." *Daou v. Harris*, 139 Ariz. 353, 359 (1984) (citing *Richas v. Superior Court*, 133 Ariz. 512, 514 (1982)).

I.      Victoria Did Not Waive Her Contention That the Default Judgment Is Void.

¶7          Victoria contends on appeal that the default judgment is void because service by publication was improper. *See Ruffino*, 245 Ariz. at 168, ¶ 10 ("[A] judgment is void if it was entered without jurisdiction because of a lack of proper service." (citations omitted)). Michael contends Victoria cannot raise this argument on appeal because she "did not argue in the trial court that the judgment was void."

¶8          We typically do not consider arguments raised for the first time on appeal. *Englert v. Carondelet Health Network*, 199 Ariz. 21, 26, ¶ 13 (App. 2000). But Victoria argued that Michael did not meet the prerequisites for service by publication in her motion to set aside. Michael also addressed the issue in his response. As such, although Victoria did not use the word "void," she raised the substantive issue below. We therefore decline to find waiver.

II.    The Superior Court Did Not Err in Setting Aside the Default Judgment.

¶9          We review orders setting aside default judgments for an abuse of discretion. *BYS Inc. v. Smoudi*, 228 Ariz. 573, 577, ¶ 14 (App. 2012). We review *de novo* whether a defaulted party was properly served, but we will not set aside the superior court's factual findings unless they are clearly erroneous. *See Ruffino*, 245 Ariz. at 168, ¶ 9.

¶10         At all times relevant to this appeal, a party could serve a person whose last-known address was in Arizona by publication only if:

> (i) the serving party, despite reasonably diligent efforts, has been unable to ascertain the person's current address; or
>
> (ii) the person to be served has intentionally avoided service of process; and

> (B) service by publication is the best means practicable in the circumstances for providing the person with notice of the action's commencement.

Ariz. R. Civ. P. 4.1(*l*)(1) (eff. Jan. 1, 2017).[1]  Before proceeding with service by publication, the superior court should consider alternative methods of service, and the party seeking to serve by publication "should be prepared to explain why alternative service would be impracticable." *Ruffino*, 245 Ariz. at 170, ¶ 17.   If more practicable communication channels are available, the serving party should first use those channels to try to confirm the other party's address or move for alternative service. *Id.* at ¶ 18.

¶11         Although Michael's affidavit of service states that he both attempted to contact and attempted to locate Victoria, he did not move for alternative service before resorting to service by publication. *See* Ariz. R. Civ. P. 4.1(k)(1) (eff. Jan. 1, 2017).  Moreover, Victoria disputed the extent of Michael's efforts to contact and locate her, as she contended that he had only "made the bare minimum effort by . . . sending an email and a letter" and that he could have discovered her address through a public records

---

[1]      Rule 4.1(*l*) was amended effective January 1, 2022, to require a party serving by publication to (1) show that service under Rule 4.1(c)-(k), including an alternative means of service, is impracticable, and (2) obtain court approval via motion.  We cite the version of the rule in effect when Michael attempted to serve Victoria by publication.

search. Victoria also offered affidavit testimony that she had "blocked [Michael] on all forms of social media and telephonic or electronic communication" and had no "reason to believe that a lawsuit would be brought against [her]." The superior court reasonably could have concluded that Michael did not exercise reasonable diligence in ascertaining Victoria's address before proceeding with service by publication.

¶12 Michael also contends service by publication was proper because Victoria received actual notice of the lawsuit through email and regular mail. Actual notice does not validate otherwise improper service. *See Bank of New York Mellon v. Dodev*, 246 Ariz. 1, 10, ¶ 29 (App. 2018) ("Proper, effective service on a defendant is a prerequisite to a court's exercising personal jurisdiction over the defendant." (quoting *Barlage v. Valentine*, 210 Ariz. 270, 272, ¶ 4 (App. 2005))). And although service by mail can be appropriate alternative service if approved by the court, Michael did not move for alternative service. *See Postal Instant Press, Inc. v. Corral Rests., Inc.*, 187 Ariz. 487, 488 (1997) ("When a party uses the mail, [] service must be completed by the serving party in accordance with the rule . . . ."). On this record, we cannot say service by publication was the best means practicable to notify Victoria of this lawsuit. *See* Ariz. R. Civ. P. 4.1(*l*)(1)(B) (eff. Jan. 1, 2017).

¶13 Michael also contends Victoria did not move to set aside the default judgment within a reasonable time. *See* Ariz. R. Civ. P. 60(c)(1). A party seeking relief from a void judgment need not show that it acted promptly. *Blair v. Burgener*, 226 Ariz. 213, 216, ¶ 7 (App. 2010) (citation omitted). Indeed, the court must vacate a void judgment even if the moving party unreasonably delays in seeking relief. *Ruffino*, 245 Ariz. at 168-69, ¶ 10 (citations omitted). For these reasons, we affirm the order setting aside the default judgment. *See Ariz. Real Est. Inv., Inc. v. Schrader*, 226 Ariz. 128, 129, ¶ 6 (App. 2010) ("If a defendant has not been properly served, and the defect in service has not been waived, any resulting judgment is void and must be vacated on request." (citation omitted)).

III. Attorneys' Fees on Appeal Are Denied.

¶14 Both sides request attorneys' fees under A.R.S. § 12-349. Michael provides no basis under this statute for his request, and we discern none. Victoria contends that by pursuing this appeal, Michael "unreasonably expanded and delayed the proceedings." *See* A.R.S. § 12-349(A)(3). We disagree, and in our discretion, we deny both sides' request for attorneys' fees.

**CONCLUSION**

**¶15**         We affirm the superior court's order setting aside the default judgment.  Victoria may recover her taxable costs incurred in this appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:    AA